TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and
potential Rule 23 Class*

**Case No. 19-cv-07654**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
CHANG YAN CHEN,
*on his own behalf and on behalf of others similarly
situated*
                       Plaintiff,
                      v.
LILIS 200 WEST 57TH CORP.
      d/b/a Lili's 57 Asian Cuisine & Sushi Bar;
ALAN PHILLIPS,
JONAH PHILLIPS,
THEAN CHOO CHONG
      a/k/a Alfred Chong,
EPHAN "DOE", and
"MIGI" DOE
                   Defendants.
-------------------------------------------------------------- x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

Plaintiff CHANG YAN CHEN (hereinafter referred to as Plaintiff), on behalf of himself

and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine &

Sushi Bar; ALAN PHILLIPS, JONAH PHILLIPS, THEAN CHOO CHONG a/k/a Alfred

Chong, EPHAN "DOE", and "MIGI" DOE, and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff CHANG YAN CHEN, on behalf of

himself as well as other employees similarly situated, against the Defendants for alleged

violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York

Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) out of pocket expenses to delivery experts on the road, (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4.     Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) out of pocket expenses to delivery experts on the road, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011

under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by

NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy

under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the

NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§

1391(b) and (c), because Defendants conduct business in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From on or about July 14, 2014 to June 06, 2019, Plaintiff CHANG YAN

CHEN was employed by Defendants to work as a delivery man at 792 Lexington Avenue,

New York, NY 10021, 200 West 57th Street, New York, NY 10019.

## EMPLOYERS

### *Corporate Employers*

8.      Defendant LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine &

Sushi Bar is a domestic business corporation organized under the laws of the State of New

York with a principal address at 200 West 57th Street, New York, NY 10019.

9.      LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar is a

business engaged in interstate commerce that has gross sales in excess of five hundred thousand

dollars ($500,000) per year.

10.     LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar

purchased and handled goods moved in interstate commerce.

11.     Employer 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo is a domestic business corporation organized under the laws of the State of New York with a principal address at 792 Lexington Avenue, New York, NY 10021.

12.     Employer 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

### Owner/Operator Employers

13.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

14.     ALAN PHILLIPS known as "Jewish Boss" to Plaintiff and CEO and shareholder of LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

15.     ALAN PHILLIPS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

16.     JONAH PHILLIPS known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

17.     JONAH PHILLIPS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

18.     THEAN CHOO CHONG a/k/a Alfred Chong known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

19.     THEAN CHOO CHONG a/k/a Alfred Chong acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

20.     EPHAN "DOE", (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine &

Sushi Bar.

21.     EPHAN "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

22.     "MIGI" DOE, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

23.     "MIGI" DOE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

24.     Employer SIEW MOY LOW known as "Lady Boss" to Plaintiff and President of 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; shareholder of LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; LILIS 200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

25.　　Upon information and belief, Corporate Defendant LILIS 200 WEST 57TH

CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar and Corporate Employer 792

RESTAURANT FOOD CORP d/b/a Lilli and Loo are joint employers of Plaintiff and

constitute an enterprise as the term is defined by 29 USC §203(r) insofar as they share staff,

including Plaintiff, share materials, pay Plaintiff for the work performed at the enterprise no

matter what location they worked; order Plaintiff to transport supplies between the stores,

advertise the Corporate Defendants as an enterprise, and are otherwise engaged in related

activities performed through unified operation and/or common control for a common business

purpose, and are co-owned by the same partners, namely Owner/ Operator Defendant ALAN

PHILLIPS and Owner/ Operator Employer SIEW MOY LOW.

26.　　At all times relevant herein, LILIS 200 WEST 57TH CORP. d/b/a Lili's 57

Asian Cuisine & Sushi Bar was, and continues to be, an "enterprise engaged in commerce"

within the meaning of FLSA.

27.　　At all relevant times, the work performed by Plaintiff was directly essential to

the business operated by 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo; and LILIS

200 WEST 57TH CORP d/b/a Lili's 57 Asian Cuisine & Sushi Bar.

### Wage and Hour Claims

28.　　There are at least 33 employees working for Employer 792 RESTAURANT

FOOD CORP d/b/a Lilli and Loo at 792 Lexington Avenue, New York, NY 10021.

29.　　There are at least 30 employees working for LILIS 200 WEST 57TH CORP.

d/b/a Lili's 57 Asian Cuisine & Sushi Bar at 200 West 57th Street, New York, NY 10019.

30.　　Defendants committed the following alleged acts knowingly, intentionally and

willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

31.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff CHANG YAN CHEN

32.     From on or about July 14, 2014 to June 06, 2019, Plaintiff CHANG YAN CHEN was employed by Defendants to work as a delivery man at 792 Lexington Avenue, New York, NY 10021 and 200 West 57th Street, New York, NY 10019.

33.     From on or about July 14, 2014 to August 24, 2014, Plaintiff CHANG YAN CHEN's regular work schedule ran from:

  a.  11:30 to 22:30 for eleven (11) hours a day for five days and fifty-five (55) hours each week.

34.     From on or about April 01, 2016 to January 31, 2018, Plaintiff CHANG YAN CHEN's regular work schedule ran from:

  a.  10:30 to 21:30 for eleven (11) hours a day for two (2) days and twenty-two (22) hours;

  b.  11:30 to 22:30 for eleven (11) hours a day for two (2) days and twenty-two (22) hours;

  c.  17:30 to 22:30 for five (5) hours a day for two (2) days and ten (10) hours;

  d.  Less one (1) hour break for four (4) days and four (4) hours.

35.     Thus, from on or about April 01, 2016 to January 31, 2018, Plaintiff worked an avergae of fifty (50) hours a week for a total of 50 hours each week.

36.     From on or about February 06, 2018 to February 28, 2019, Plaintiff CHANG YAN CHEN's regular work schedule ran from:

    a.   10:30 to 21:30 for eleven (11) hours a day for two (2) days and twenty-two

        (22) hours;

    b.   11:30 to 22:30 for eleven (11) hours a day for two (2) days and twenty-two

        (22) hours;

    c.   17:30 to 22:30 for five (5) hours a day for one (1) day;

    d.   Less one (1) hour of break for four (4) days a week.

37.      Thus, from on or about February 06, 2018 to February 28, 2019, Plaintiff worked for a total of forty-five (45) hours a week for a total of 45 hours each week.

38.      From on or about March 01, 2019 to April 30, 2019, Plaintiff CHANG YAN CHEN's regular work schedule ran from 10:30 to 21:30 for eleven (11) hours a day for two (2) days and twenty-two (22) hours; 11:30 to 22:30 for eleven (11) hours a day for two (2) days and twenty-two (22) hours; 17:30 to 22:30 for five (5) hours a day for one (1) day and five (5) hours; one (1) hour and thirty (30) minutes of break for four (4) days a week and six (6) hours, for a total of forty-three (43) hours a week for a total of 43 hours each week.

39.      From on or about May 01, 2019 to June 06, 2019, Plaintiff CHANG YAN CHEN's regular work schedule ran from 11:30 to 22:30 for 11 hours a day for two (2) days and twenty-two (22) hours; 17:30 to 22:30 for 5 hours a day for three (3) days and fifteen (15) hours; one (1) hour and thirty (30) minutes of break for two (2) days a week and three (3) hours, for a total of thirty-four (34) hours a week for a total of 34 hours each week.

40.      At all relevant times, Plaintiff CHANG YAN CHEN did not have a fixed time for lunch or for dinner.

41. From on or about July 14, 2014 to December 31, 2017, Plaintiff CHANG YAN CHEN was promised an hourly rate of seven dollars and fifty cents ($7.50) per hour and eleven

dollars and twenty five cents ($11.25) for hours worked in excess of forty (40) hours in a workweek.

42. From January 01, 2018 to June 09, 2019, Plaintiff CHANG YAN CHEN was promised a rate of ten dollars and eighty five cents ($10.85) per hour and twelve dollars and ninety eight cents  five cents ($11.25) for hours worked in excess of forty (40) hours in a workweek.

43. However, Plaintiff was not paid for all hours worked, and not paid

44. However, Plaintiff CHANG YAN CHEN was not paid for all hours worked. six dollars and forty seven cents ($6.47) per hour.

45. From on or about July 14, 2014 to July 20, 2014, Plaintiff CHANG YAN CHEN was only paid two hundred fifty-nine dollars ($258.87) for his week's work.

46. From on or about July 21, 2014 to July 27, 2014, Plaintiff CHANG YAN CHEN was only paid two hundred fifty-nine dollars ($258.87) for his week's work.

47. From on or about July 28, 2014 to August 03, 2014, Plaintiff CHANG YAN CHEN was only paid two hundred forty-six dollars ($246.00) for his week's work.

48. From on or about August 01, 2014 to August 10, 2014, Plaintiff CHANG YAN CHEN was only paid two hundred sixty-five dollars ($265.30) for his week's work.

49. From on or about August 11, 2014 to August 17, 2014, Plaintiff CHANG YAN CHEN was only paid two hundred sixty-five dollars ($265.30) for his week's work.

50. From on or about August 18, 2014 to August 24, 2014, Plaintiff CHANG YAN CHEN was only paid two hundred fifty-nine dollars ($258.87) for his week's work.

51. From on or about March 28, 2016 to April 03, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

52. From on or about April 04, 2016 to April 10, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred thirty-six dollars ($336.00) for his week's work.

53. From on or about April 11, 2016 to April 17, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred ninety dollars ($390.00) for his week's work.

54. From on or about April 18, 2016 to April 24, 2016, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred ninety dollars ($390.00) for his week's work.

55. From on or about April 25, 2016 to May 01, 2016, Plaintiff CHANG YAN CHEN was only paid two hundred fifty-six dollars ($256.00) for his week's work.

56. From on or about May 02, 2016 to May 08, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

57. From on or about May 09, 2016 to May 15, 2016, Plaintiff CHANG YAN CHEN was only paid two hundred eighty-eight dollars ($288.00) for his week's work.

58. From on or about May 16, 2016 to May 22, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

59. From on or about May 23, 2016 to May 29, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

60. From on or about May 30, 2016 to June 05, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

61. From on or about June 06, 2016 to June 12, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

62. From on or about June 13, 2016 to June 19, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

63. From on or about June 20, 2016 to June 26, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

64. From on or about June 27, 2016 to July 03, 2016, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred sixty dollars ($360.00) for his week's work.

65. From on or about July 04, 2016 to July 10, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred fifty-four dollars ($354.00) for his week's work.

66. From on or about July 11, 2016 to July 17, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

67. From on or about July 18, 2016 to July 24, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred eighteen dollars ($318.00) for his week's work.

68. From on or about July 25, 2016 to July 31, 2016, Plaintiff CHANG YAN CHEN was only paid two hundred eighty-eight dollars ($288.00) for his week's work.

69. From on or about August 01, 2016 to August 07, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

70. From on or about August 08, 2016 to August 14, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

71.    From on or about August 15, 2016 to August 21, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($323.97) for his week's work.

72.    From on or about August 22, 2018 to August 28, 2016, Plaintiff CHANG YAN CHEN was only paid two hundred eighty-eight dollars ($288.00) for his week's work.

73.    From on or about August 29, 2016 to September 04, 2016, Plaintiff CHANG YAN CHEN was only paid two hundred eighty-eight dollars ($288.00) for his week's work.

74.     From on or about September 05, 2016 to September 11, 2016, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred twenty-four dollars ($288.00) for his week's work.

75.     From on or about September 12, 2016 to September 18, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred twenty-four dollars ($324.00) for his week's work.

76.     From on or about September 19, 2016 to September 25, 2016, Plaintiff CHANG YAN CHEN was only paid four hundred fourteen dollars ($414.00) for his week's work.

77.     From on or about September 26, 2016 to October 02, 2016, Plaintiff CHANG YAN CHEN was only paid five hundred four dollars ($504.00) for his week's work.

78.     From on or about October 03, 2016 to October 09, 2016, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-eight dollars ($468.00) for his week's work.

79.     From on or about October 10, 2016 to October 16, 2016, Plaintiff CHANG YAN CHEN was only paid four hundred thirty-two dollars ($432.00) for his week's work.

80.     From on or about October 17, 2016 to October 23, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred ninety-six dollars ($396.00) for his week's work.

81.     From on or about October 24, 2016 to October 30, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

82.     From on or about October 31, 2016 to November 06, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

83.     From on or about November 07, 2016 to November 13, 2016, Plaintiff CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's

work.

84.     From on or about November 14, 2016 to November 20, 2016, Plaintiff

CHANG YAN CHEN was paid a flat compensation at a rate of three hundred sixty dollars

($360.00) for his week's work.

85.     From on or about November 21, 2016 to November 27, 2016, Plaintiff

CHANG YAN CHEN was only paid two hundred eighty-eight dollars ($288.00) for his

week's work.

86.     From on or about November 28, 2016 to December 04, 2016, Plaintiff

CHANG YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's

work.

87.     From on or about December 05, 2016 to December 11, 2016, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

88.     From on or about December 12, 2016 to December 18, 2016, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

89.     From on or about December 19, 2016 to December 25, 2016, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty dollars ($360.00) for his week's work.

90.     From on or about December 26, 2016 to January 01, 2017, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

91.     From on or about January 02, 2017 to January 08, 2017, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

92.     From on or about January 09, 2017 to January 15, 2017, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

93.     From on or about January 16, 2017 to January 22, 2017, Plaintiff CHANG

YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

94.    From on or about January 23, 2017 to January 29, 2017, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred sixty-three dollars ($362.89) for his week's work.

95.    From on or about January 30, 2017 to February 05, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

96.    From on or about February 06, 2017 to February 12, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

97.    From on or about February 13, 2017 to February 19, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

98.    From on or about February 20, 2017 to February 26, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

99.    From on or about February 27, 2017 to March 05, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

100.    From on or about March 06, 2017 to March 12, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

101.    From on or about March 13, 2017 to March 19, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

102.    From on or about March 20, 2017 to March 26, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

103.    From on or about March 27, 2017 to April 02, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

104.    From on or about April 03, 2017 to April 09, 2017, Plaintiff CHANG YAN

CHEN was paid a flat compensation at a rate of three hundred sixty-three dollars ($362.89) for his week's work.

105.    From on or about April 10, 2017 to April 16, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

106.    From on or about April 17, 2017 to April 23, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

107.    From on or about April 24, 2017 to April 30, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

108.    From on or about May 01, 2017 to May 07, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

109.    From on or about May 08, 2017 to May 14, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

110.    From on or about May 15, 2017 to May 21, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

111.    From on or about May 22, 2017 to May 28, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

112.    From on or about May 29, 2017 to June 04, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

113.    From on or about June 05, 2017 to June 11, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

114.    From on or about June 12, 2017 to June 18, 2017, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred sixty-three dollars ($362.89) for his week's work.

115.    From on or about June 19, 2017 to June 25, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

116.    From on or about June 26, 2017 to July 02, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

117.    From on or about July 03, 2017 to July 09, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

118.    From on or about July 10, 2017 to July 16, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

119.    From on or about July 17, 2017 to July 23, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

120.    From on or about July 24, 2017 to July 30, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

121.    From on or about July 31, 2017 to August 06, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

122.    From on or about August 07, 2017 to August 13, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

123.    From on or about August 14, 2017 to August 20, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

124.    From on or about August 21, 2017 to August 27, 2017, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred sixty-three dollars ($362.89) for his week's work.

125.    From on or about August 28, 2017 to September 03, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

126.    From on or about September 04, 2017 to September 10, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

127.    From on or about September 11, 2017 to September 17, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

128.    From on or about September 18, 2017 to September 24, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

129.    From on or about September 25, 2017 to October 01, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

130.    From on or about October 02, 2017 to October 08, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

131.    From on or about October 09, 2017 to October 15, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

132.    From on or about October 16, 2017 to October 22, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

133.    From on or about October 23, 2017 to October 29, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

134.    From on or about October 30, 2017 to November 05, 2017, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred sixty-three dollars ($362.89) for his week's work.

135.    From on or about November 06, 2017 to November 12, 2017, Plaintiff

CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

136.    From on or about November 13, 2017 to November 19, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

137.    From on or about November 13, 2017 to November 19, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

138.    From on or about November 20, 2017 to November 26, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

139.    From on or about November 27, 2017 to December 03, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-three dollars ($362.89) for his week's work.

140.    From on or about December 04, 2017 to December 10, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred ninety-eight dollars ($397.50) for his week's work.

141.    From on or about December 11, 2017 to December 17, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-five dollars ($365.00) for his week's work.

142.    From on or about December 18, 2017 to December 24, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-five dollars ($365.00) for his week's work.

143.    From on or about December 25, 2017 to December 31, 2017, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-five dollars ($365.00) for his week's work.

144.    From on or about January 01, 2018 to January 07, 2018, Plaintiff CHANG

YAN CHEN was paid a flat compensation at a rate of four hundred ninety-one dollars ($365.00) for his week's work.

145.    From on or about January 08, 2018 to January 14, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred twenty-two dollars ($421.75) for his week's work.

146.    From on or about January 15, 2018 to January 21, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred ninety dollars ($489.93) for his week's work.

147.    From on or about January 22, 2018 to January 28, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred ninety dollars ($489.93) for his week's work.

148.    From on or about January 29, 2018 to February 04, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred eighty dollars ($379.58) for his week's work.

149.    From on or about February 05, 2018 to February 11, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($445.88) for his week's work.

150.    From on or about February 12, 2018 to February 18, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($445.88) for his week's work.

151.    From on or about February 19, 2018 to February 25, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($445.88) for his week's work.

152.    From on or about February 26, 2018 to March 04, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($445.88) for his week's work.

153.    From on or about March 05, 2018 to March 11, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($445.88) for his week's work.

154.    From on or about March 12, 2018 to March 18, 2018, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of four hundred forty-six dollars ($445.88) for his week's work.

155. From on or about March 19, 2018 to March 25, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred seventy dollars ($369.87) for his week's work.

156. From on or about March 26, 2018 to April 01, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred seventy-two dollars ($372.03) for his week's work.

157. From on or about April 02, 2018 to April 08, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred eighty-three dollars ($482.95) for his week's work.

158. From on or about April 09, 2018 to April 15, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred seven dollars ($406.63) for his week's work.

159. From on or about April 16, 2018 to April 22, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred seventy dollars ($369.87) for his week's work.

160. From on or about April 23, 2018 to April 29, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred nine dollars ($408.82) for his week's work.

161. From on or about April 30, 2018 to May 06, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred seventy-two dollars ($372.05) for his week's work.

162. From on or about May 07, 2018 to May 13, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-three dollars ($453.45) for his week's work.

163. From on or about May 14, 2018 to May 20, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred seventy dollars ($469.73) for his week's work.

164. From on or about May 21, 2018 to May 27, 2018, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of four hundred forty-one dollars ($469.73) for his week's work.

165. From on or about May 28, 2018 to June 03, 2018, Plaintiff CHANG YAN CHEN was only paid five hundred eleven dollars ($510.98) for his week's work.

166.    From on or about June 04, 2018 to June 10, 2018, Plaintiff CHANG YAN CHEN was only paid five hundred fifty-seven dollars ($556.53) for his week's work.

167.    From on or about June 11, 2018 to June 17, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred seventy-five dollars ($475.15) for his week's work.

168.    From on or about June 18, 2018 to June 24, 2018, Plaintiff CHANG YAN CHEN was only paid one hundred seventy dollars ($169.73) for his week's work.

169.    From on or about June 25, 2018 to July 01, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred two dollars ($402.48) for his week's work.

170.    From on or about July 02, 2018 to July 08, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-seven dollars ($447.00) for his week's work.

171.    From on or about July 09, 2018 to July 15, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred seventy dollars ($469.73) for his week's work.

172.    From on or about July 16, 2018 to July 22, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-two dollars ($462.16) for his week's work.

173.    From on or about July 23, 2018 to July 29, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred twenty-eight dollars ($427.65) for his week's work.

174.    From on or about July 30, 2018 to August 05, 2018, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of four hundred seventy dollars ($427.65) for his week's work.

175.    From on or about August 06, 2018 to August 12, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred thirty-five dollars ($435.03) for his week's work.

176.    From on or about August 13, 2018 to August 19, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred ninety-five dollars ($394.90) for his week's work.

177.    From on or about August 20, 2018 to August 26, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-three dollars ($453.45) for his week's work.

178.    From on or about August 27, 2018 to September 02, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-seven dollars ($456.73) for his week's work.

179.    From on or about September 03, 2018 to September 09, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-one dollars ($451.30) for his week's work.

180.    From on or about September 10, 2018 to September 16, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-nine dollars ($458.88) for his week's work.

181.    From on or about September 17, 2018 to September 23, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred thirty-three dollars ($432.55) for his week's work.

182.    From on or about September 24, 2018 to September 30, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-eight dollars ($467.58) for his week's work.

183.    From on or about October 01, 2018 to October 07, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-one dollars ($451.30) for his week's work.

184.    From on or about October 08, 2018 to October 14, 2018, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of four hundred forty-six dollars ($451.30) for his week's work.

185.    From on or about October 15, 2018 to October 21, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred seventy-three dollars ($473.00) for his week's work.

186.    From on or about October 22, 2018 to October 28, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($445.88) for his week's work.

187.    From on or about October 29, 2018 to November 04, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred seventy-eight dollars ($478.43) for his week's work.

188.    From on or about November 05, 2018 to November 11, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-eight dollars ($467.58) for his week's work.

189.    From on or about November 12, 2018 to November 18, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-seven dollars ($456.73) for his week's work.

190.    From on or about November 19, 2018 to November 25, 2018, Plaintiff CHANG YAN CHEN was only paid three hundred sixty-eight dollars ($367.78) for his week's work.

191.    From on or about November 26, 2018 to December 02, 2018, Plaintiff CHANG YAN CHEN was only paid six hundred twenty-two dollars ($621.63) for his week's work.

192.    From on or about December 03, 2018 to December 09, 2018, Plaintiff CHANG YAN CHEN was only paid four hundred forty dollars ($440.45) for his week's work.

193.    From on or about December 10, 2018 to December 16, 2018, Plaintiff CHANG YAN CHEN was only paid five hundred nineteen dollars ($518.56) for his week's work.

194.    From on or about December 17, 2018 to December 23, 2018, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of five hundred thirty-five dollars ($518.56) for his week's work.

195. From on or about December 24, 2018 to December 30, 2018, Plaintiff CHANG YAN CHEN was only paid two hundred seventy-nine dollars ($278.83) for his week's work.

196. From on or about December 31, 2018 to January 06, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred seventy-nine dollars ($479.00) for his week's work.

197. From on or about January 07, 2019 to January 13, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-three dollars ($462.73) for his week's work.

198. From on or about January 14, 2019 to January 20, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred forty-nine dollars ($449.00) for his week's work.

199. From on or about January 21, 2019 to January 27, 2019, Plaintiff CHANG YAN CHEN was only paid five hundred thirty-five dollars ($534.85) for his week's work.

200. From on or about January 28, 2019 to February 03, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred forty-six dollars ($446.45) for his week's work.

201. From on or about February 04, 2019 to February 10, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-three dollars ($462.73) for his week's work.

202. From on or about February 11, 2019 to February 17, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred eighty-eight dollars ($488.18) for his week's work.

203. From on or about February 18, 2019 to February 24, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred eighty-nine dollars ($488.58) for his week's work.

204. From on or about February 25, 2019 to March 03, 2019, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of four hundred thirty-five dollars ($488.58) for his week's work.

205. From on or about March 04, 2019 to March 10, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred thirty-five dollars ($435.00) for his week's work.

206.    From on or about March 11, 2019 to March 17, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred twenty-five dollars ($424.75) for his week's work.

207.    From on or about March 18, 2019 to April 21, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred twenty-five dollars ($424.75) for his week's work.

208.    From on or about April 02, 2019 to April 28, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-nine dollars ($458.58) for his week's work.

209.    From on or about March 25, 2019 to March 31, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred sixty-eight dollars ($468.15) for his week's work.

210.    From on or about April 01, 2019 to April 07, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred sixty dollars ($460.00) for his week's work.

211.    From on or about April 08, 2019 to April 14, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred twenty-nine dollars ($428.90) for his week's work.

212.    From on or about April 15, 2019 to April 21, 2019, Plaintiff CHANG YAN CHEN was only paid four hundred fifty-one dollars ($451.15) for his week's work.

213.    From on or about April 22, 2019 to April 28, 2019, Plaintiff CHANG YAN CHEN was only paid three hundred eighty-three dollars ($382.63) for his week's work.

214.    From on or about April 29, 2019 to May 05, 2019, Plaintiff CHANG YAN CHEN was paid a flat compensation at a rate of three hundred eighty-one dollars ($382.63) for his week's work.

215.    At all relevant times, Plaintiff CHANG YAN CHEN was not paid overtime pay for overtime work.

216.    At all relevant times, Plaintiff CHANG YAN CHEN was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

217.    Further, at all relevant times, Plaintiff CHANG YAN CHEN had to move supplies between LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar and 792 RESTAURANT FOOD CORP d/b/a Lilli and Loo two (2) times or three (3) times each week.

218.    Throughout his employment, Plaintiff CHANG YAN CHEN was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

219.    Throughout his employment, Plaintiff CHANG YAN CHEN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

220.    Throughout his employment, Plaintiff CHANG YAN CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

221.    As part of Plaintiff's employment with Defendants, Plaintiff CHANG YAN CHEN was required to bear the cost of the purchase of two (2) electric bicycle for a total of One Thousand Six Hundred Fifty Dollars ($1,650) each.

222.    Repair costs include batteries at two hundred fifty dollars ($250) each.

223.    As part of Plaintiff's employment with Defendants, Plaintiff CHANG YAN CHEN was required to bear the cost of the purchase of a motor vehicle and the costs of the gasoline.

224.    Plaintiff CHANG YAN CHEN was not reimbursed by Defendants for the cost

of the gasoline or the cost of maintaining the delivery vehicle for Defendants' benefit.

## COLLECTIVE ACTION ALLEGATIONS

225.    Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

226.    Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

227.    All said persons, including Plaintiff, are referred to herein as the "Class."

228.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

229.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the

Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

230.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.    Whether Plaintiff and Class members are promised and not paid at their promised hourly wage;

c.    Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

d.    Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

e.    Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.    Whether Plaintiff and Class members are required to provide and maintain tools of the trade on Defendants' behalf at their own cost;

g.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

h.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

i.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

j.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### Typicality

231.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

232.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### Superiority

233.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

234.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage and
Unpaid Wages
Brought on behalf of the Plaintiff and the FLSA Collective]**

235.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

236.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

237.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

238.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage and Unpaid Wages
Brought on behalf of Plaintiff and Rule 23 Class]**

239.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

240.    At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

241.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

242.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

243.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

244.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

245.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

246.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

247.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

248.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

249.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

250.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

251.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]

252.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

253.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

254.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

255.    Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

256.    Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

257.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

258.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

259.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

260.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

261.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

262.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

263.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

264.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of Plaintiff and Rule 23 Class]

265.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

266.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

267.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

268.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

269.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements
### Brought on behalf of Plaintiff and Rule 23 Class]

270.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

271.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

272.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

273.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT IX.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]

274.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

275.    Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

276.    Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his electricity delivery bicycle.

277.    The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

278.    Plaintiff purchased, maintained and repaired the electric bicycle at his own expense.

279.    Plaintiff performed these deliveries for the sole benefit of the Defendants.

280.    Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

281.    As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

282.    Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

283.    Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)    [any other claim]

h)    An award of out-of-pocket breach-of-contract delivery costs for motorcycle expenses incurred and expended by Plaintiff on Defendants' bequest and behalf;

i)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

k)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

l)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

m)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)      The cost and disbursements of this action;

o)      An award of prejudgment and post-judgment fees;

p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
August 15, 2019                    TROY LAW, PLLC
                                  *Attorneys for the Plaintiff, proposed FLSA*
                                  *Collective and potential Rule 23 Class*
                                  /s/ John Troy_____
                                  John Troy (JT0481)