UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHANG YAN CHEN,
*On behalf of himself and others similarly situated*

                               *Plaintiff*,                    Index No. 19-cv-7654 (VEC)

     -against-

LILIS 200 WEST 57TH CORP. d/b/a Lili's 57
Asian Cuisine & Sushi Bar,
BAUMGART'S NEXT DOOR INC. d/b/a
Baumgart's Café,
792 RESTAURANT FOOD CORP. d/b/a Lili
and Loo,
ALAN PHILLIPS,
JONAH PHILLIPS,
THEAN CHOO CHONG a/k/a Alfred Chong,
SIEW MOY LOW a/k/a Maggie Low,
STEW M. LOW,
EPHAN "DOE", and
"MIGI" DOE,
                               *Defendants.*
------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION
# FOR COLLECTIVE ACTION CERTIFICATION

MORRISON TENENBAUM PLLC
Lawrence F. Morrison
Joshua S. Androphy
87 Walker Street, Floor 2
New York, NY 10013
T. (212) 620-0938
F. (646) 390-5095
Attorneys for Moving Defendants

# **TABLE OF CONTENTS**

**STATEMENT OF FACTS** ..................................................................................................................1

**ARGUMENT** ......................................................................................................................................3

    I.      THE STANDARD ON COLLECTION ACTION CERTIFICATION ............................3

    II.     CHEN HAS FAILED TO DEMONSTRATE THAT HE IS SIMILARLY SITUATED TO THE PROPOSED CLASS ........................................................................................4

          A.  Plaintiff Fails to Allege that He was Paid Similarly to the Putative Class Members ...................................................................................................................................4

          B.  Conditional Certification Should be Denied Because There was a Previously Certified Collective Action Covering the Restaurants' Tipped Employees ...........10

    III.    PLAINTIFF FAILS TO DEMONSTRATE THAT A COLLECTIVE ACTION SHOULD ENCOMPASS ALL DEFENDANT RESTAURANTS ...............................12

    IV.    ANY COLLECTIVE ACTION CLASS AGAINST 792 RESTARUANT FOOD CORP. MUST BE LIMITED TO CLAIMS AFTER MAY 13, 2019 ........................................13

    V.     REVISIONS TO THE PROPOSED NOTICE .............................................................14

**CONCLUSION** ................................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Agerbrink v. Model Serv. LLC*, 14 Civ. 7841 (JPO) (JCF), 2016 U.S. Dist. LEXIS 12486, *3, 2016 WL 406385 (S.D.N.Y. Feb. 2, 2016)......................................................................... 3

*Alvarado v. Villas Mkt. Place Inc.*, 19-CV-4036 (VEC), 2020 U.S. Dist. LEXIS 3715, *5,  2020 WL 91489 (S.D.N.Y. Jan. 8, 2020) ........................................................................... 10

*Canelas v. Frank & Nino's Pizza Corp.*, 19-CV-6105 (VEC), 2020 U.S. Dist. LEXIS 82980, *9 (S.D.N.Y. May 11, 2020)....................................................................................... 14

*Canelas v. Frank & Nino's Pizza Corp.*, 19-CV-6105 (VEC), 2020 U.S. Dist. LEXIS 82980, *5 (S.D.N.Y. May 11, 2020)................................................................................ 10, 14

*Delijanin v. Wolfgang's Steakhouse, Inc.*, 18-CV-7854 (RA) (KHP), 2019 U.S. Dist. LEXIS 67948, *24 (S.D.N.Y. April 22, 2019).................................................................... 12

*Gomez v. Terri Vegetarian LLC,* 17-CV-213 (JMF), 2017 U.S. Dist. LEXIS 93191, *7 (S.D.N.Y. June 16, 2017).................................................................................................. 13

*Hernandez v. The Fresh Diet Inc.,* 12 Civ. 4339 (ALC) (JLC), 2012 U.S. Dist. LEXIS 169332, *9, 2012 WL 5936292 (S.D.N.Y. Nov. 21, 2012). .............................................. 13

*Hoffmann-La Roche Inc. v. Sperling*, 493 US. 165, 170, 172 (1989).......................................... 11

*Leonardo v. ASC, Inc*., 18-CV-3657 (VEC), 2018 U.S. Dist. LEXIS 194205, *7-*8, 2018 WL 5981996 (S.D.N.Y. Nov. 18, 2018) ........................................................................... 4

*Mata v. Foodbridge LLC*, 14 Civ. 8754 (ER) 2015 U.S. Dist. LEXIS 70550, 2015 WL 3457293 (S.D.N.Y. June 1, 2015)...................................................................................... 6

*Medina v. Brothers Behrman Highway, Inc.,* No. 13-CV-4831, 2015 U.S. Dist. LEXIS 80874, 2015 WL 3679534, *3 (E D. La. June 12, 2015).................................................. 11

*Ornrat Keawsri v. Ramen-Ya Inc.*, 17-CV-2406 (VEC), 2018 U.S. Dist. LEXIS 936, *14, 2018 WL 279756 (S.D.N.Y. Jan. 2, 2018). ........................................................................ 4

*Ortiz v. Panera Bread Co.,* No. 10-CV-1424, 2011 U.S. Dist. LEXIS 85463, 2011 WL 3353432, at *2 (E D. Va. Aug. 2, 2011) ........................................................................... 11

*Paz v. Piedra,* No. 09 Civ. 03977 (LAK) (GWG), 2012 U.S. Dist. LEXIS 4034, 2012 WL 12518495 (S.D.N.Y. Jan. 12, 2012)................................................................................... 8

*Qing Gu v. T.C. Chikurin, Inc*., CV 2013-2322 (SJ)(MDG)2014 U.S. Dist. LEXIS 53813, *9-*10, 2014 WL 1515877 (E.D.N.Y. April 17, 2014) ...................................................... 4

*Reyes v. Picnic Basket, Inc.*, 18-CV-140 (VEC), 2018 U.S. Dist. LEXIS 199037, *5  (S.D.N.Y. May 22, 2018)............................................................................................... 6, 9

*Sanchez v. JMP Ventures, L.L.C.,* No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, at *3 (S.D.N.Y. Jan. 27, 2014)................................................. 6

*Schucker v. Flowers Foods, Inc*., No. 16-CV-3439 (KMK), 2017 U.S. Dist. LEXIS 136178, 2017 WL 3668847 (S.D.N.Y. Aug. 24, 2017)................................................... 11

*See Huertero-Morales v. Raguboy Corp.*, 17 Civ. 2429 (JCF) 2017 U.S. Dist. LEXIS 147788, *3-*4, 2017 WL 4046337 (S.D.N.Y. Sept. 12, 2017). .................................... 3, 4

S*he Jian Guo v. Tommy's Sushi Inc*., 14-CV-3946 (PAE), 2014 U.S. Dist. LEXIS 147981, *8-*9 2014 WL 5314822, , (S.D.N.Y. Oct. 16, 2014)....................................... 10

*Yang v. Asia Mkt. Corp.*, 17-CV-6886 (VEC), 2018 U.S. Dist. LEXIS 56847, *4 (S.D.N.Y. April 3, 2018) ................................................................................................................... 10

*Zhou v. Lili's 200 West 57th Corp.*, Index No. 18-cv-10010 (WHP)........................................... 10

**Regulations**

29 C.F.R. § 791.2(e)(1) .................................................................................................................. 7
29 C.F.R. §791.2(e)(2). ................................................................................................................. 8

All Defendants, by counsel,[1] submit this memorandum of law in opposition to Plaintiff Chang Yan Chen's motion for conditional certification of a collective action.

Chen has not made the factual showing that potential plaintiffs for the collective action he seeks are similarly situated. Accordingly, Chen's motion for conditional collective action certification should be denied.

## Statement of Facts

Plaintiff Chen alleges that he performed work for two restaurants located in New York, NY from July 2014 to June 2019: Lili's 200 West 57th Corp, d/b/a Lili's 57 Asian Cuisine & Sushi Bar, located at 200 West 57th Street, New York, NY, and 792 Restaurant Food Corp. d/b/a Lili and Loo, located at 792 Lexington Avenue, New York, NY. (Troy Dec. Ex. 1 ¶¶ 7-10, 15-16) Plaintiff Chen alleges that he worked for Lili's 57 Asian Cuisine & Sushi Bar and for Lili and Loo concurrently and received pay for his work performed no matter what location he worked. (*Id.*¶32(a)(i)). Chen alleges a variety of violations of the FLSA and NYLL arising out of this employment.

In support of his motion for conditional collective action certification, Chen relies on the Second Amended Complaint, his affidavit (Troy Dec. Ex. 4), and October 2018 affidavits regurgitated from a prior action by Wei Ren Zhong and Lin Qiand Zhou (Troy Dec. Exs. 5, 6). Chen does not provide any documentary evidence in support of his collective action certification motion.

Chen's declaration includes extensive allegations about his hours worked, and the hours worked by other employees. (Troy Dec. Ex. 3) Chen also alleges that he was asked by Siew Moy Low a/k/a Maggie Low to provide two names and social security numbers and that all delivery

---

[1] The Phillips Defendants join in this opposition to Plaintiffs' motion for collective certification.

1

workers who worked at Lili's 57 Asian Cuisine & Sushi Bar and for Lili and Loo were required to do the same. (*Id.* ¶¶46-47)  He does not identify the basis of his knowledge that other delivery workers were asked to do the same. (*Id.*)  Chen also alleges that he was not paid for all his hours worked and was not paid overtime pay for his overtime hours worked. (*Id.* ¶¶54-56)  Chen does not provide details of this, such as his rate of pay or how many hours he claims he was shorted. (*Id.*)

Chen asserts in his declaration that he has knowledge of other delivery workers at Lili and Loo's schedules, and claims that these delivery workers were paid the same base pay he was, were not paid for all their hours worked, and asked to provide two social security numbers to avoid paying overtime. (*Id.* ¶¶136-138, 147-149, 165-167, 182-184)  But Chen provides minimal information about how he learned about these delivery workers' pay.  Chen typically claims to know this information because "we worked in the same position side-by-side, and because at Lili and Loo, the tip pool is split according to the number of 'full' or 'half' days worked on a weekly basis." (*Id.* ¶¶ 147, 165, 182; *see also* ¶¶134-135 (providing similar explanation for knowledge of Lao Cao's pay).

Chen also alleges that he has knowledge of the hours worked by delivery workers at Lili's 57 Asian Cuisine & Bar, where Chen worked for approximately nine months, 23 hours per week. (*Id.* ¶¶ 6, 24-28)  Chen claims that they were "paid at the same wage rate as me" and that they were "not paid for all [their] hours worked as described above, and [were] also asked to provide 2 social security numbers so that Defendants can not pay him overtime." (Chen Dec. ¶¶250-251, 267-268, 284-285, 301-302).  Chen provides no detail at all as to the basis of his knowledge.

Chen alleges knowledge of the schedules of other, non-delivery, workers at both Lili and Loo and Lili's 57 Asian Cuisine & Bar.  But, with one exception, Chen makes no allegation about

2

the wages these employees were paid.  (*Id.* ¶¶68-98, 185-201, 214-234, 303-322)  The one exception is a dishwasher at Lili and Loo named Ah Pen, for whom Chen states that he learned from another delivery worker, Xiangui Lin, that Ah Pen receives $2,300 to $2,500 per month.  (*Id.* ¶210)

Chen does not allege that he ever performed work for Baumgart's Next Door Inc. d/b/a Baumgart's Café, and does not claim in his declaration to have any knowledge of the hours and pay of any employees at that restaurant.  (*Id.*)

792 Restaurant Food Corp. d/b/a Lili and Loo had a Chapter 11 bankruptcy plan confirmed on May 13, 2019.  (*See* Dkt. No. 46 at 2)  Chen has acknowledged that any prior claims against 792 Restaurant Food Corp. d/b/a Lili and Loo were discharged.  (*Id.*)

<u>Argument</u>

**I.      THE STANDARD ON COLLECTION ACTION CERTIFICATION**

Courts within the Second Circuit apply a two step process to determine collective action certification.  *See Huertero-Morales v. Raguboy Corp.*, 17 Civ. 2429 (JCF), 2017 U.S. Dist. LEXIS 147788, *3-*4, 2017 WL 4046337 (S.D.N.Y. Sept. 12, 2017).  At the first stage, the plaintiff must demonstrate that the members of the proposed collective class are "similarly situated.  *Id.*, 2017 U.S. Dist. LEXIS 147788, at *4.  At the second stage, the Court examines on a more developed record whether the plaintiffs who opt in are in fact similarly situated.  *Agerbrink v. Model Serv. LLC*, 14 Civ. 7841 (JPO) (JCF), 2016 U.S. Dist. LEXIS 12486, *3, 2016 WL 406385 (S.D.N.Y. Feb. 2, 2016).

At the initial stage, the Court considers the pleadings and affidavits to determine whether the plaintiff and putative class members are similarly situated.  While a plaintiff's burden is minimal in this first stage, conditional collective action certification is not automatic, and

3

plaintiff's burden is "not non-existent." *Ornrat Keawsri v. Ramen-Ya Inc.*, 17-CV-2406 (VEC), 2018 U.S. Dist. LEXIS 936, *14, 2018 WL 279756 (S.D.N.Y. Jan. 2, 2018). Conclusory allegations which do not provide specifics about the other allegedly similarly situated employees and the plaintiff's basis for believing they are similarly situated are insufficient. *Leonardo v. ASC, Inc.*, 18-CV-3657 (VEC), 2018 U.S. Dist. LEXIS 194205, *7-*8, 2018 WL 5981996 (S.D.N.Y. Nov. 18, 2018).

## II. CHEN HAS FAILED TO DEMONSTRATE THAT HE IS SIMILARLY SITUATED TO THE PROPOSED CLASS

For the reasons set forth herein, Chen's motion should be denied because he fails to sufficiently allege that the putative collective members are similarly situated to him.

### A. Plaintiff Fails to Allege that He was Paid Similarly to the Putative Class Members

Chen has failed to demonstrate that other putative class members are similarly situated in that they were paid the same way as him. A requirement for conditional certification is that the plaintiff show that he was paid similarly to other members of the putative class. *See, e.g.*, *Huertero-Morales*, 2017 U.S. Dist. LEXIS 147788, *5-*8 (denying conditional collective action certification where plaintiff failed to show that others were subject to same pay practices he alleged); *Qing Gu v. T.C. Chikurin, Inc.*, CV 2013-2322 (SJ)(MDG)2014 U.S. Dist. LEXIS 53813, *9-*10, 2014 WL 1515877 (E.D.N.Y. April 17, 2014) (denying conditional certification where only generally alleged violations of minimum wage and overtime laws).

Here, Chen fails to make a showing that he has been paid similarly to others. Chen's claims about how other were paid can be broken down into four categories:

- Other delivery workers at Lili and Loo: Chen claims that these workers received the same base pay he did, but does not offer a sufficient basis for how he knows this.

4

- <u>Delivery workers at Lili's 57 Asian Cuisine & Sushi Bar:</u>  Chen claims these workers received the same base pay he did, but does not offer any basis for how he knows this, especially because he did not regularly work there.

- <u>Ah Pen, a dishwasher at Lili and Loo</u>:  Chen claims Ah Pen was paid $2,300 to $2,500 per month.  This was not similar to Chen's pay, which Chen claims was an hourly rate that undercounted his hours.

- <u>All other employees identified at Lili and Loo and Lili's 57 Asian Cuisine & Sushi Bar</u>: Chen does not — indeed, cannot — set forth any facts about their pay.

<u>Delivery Workers at Lili and Loo.</u>  Chen alleges that five other delivery workers at Lili and Loo were paid the same base pay as him, and claims in a summary chart that like him they were not paid for all the hours they worked.  (Chen Dec. ¶67)  However, Chen fails to actually allege facts demonstrating how he has such knowledge.  For instance, nowhere in his declaration does Chen actually identify what his own base rate of pay is.  (Chen Dec.)   For one of those delivery workers, Xiangkui Lin, Chen only alleges that Lin "was paid the same base rate as me" and "received an additional three hundred dollars ($300) to four hundred dollars ($400) from the boss in cash as bonus."  (*Id.* ¶¶ 115-116)  Chen does not claim that Xiangkui Lin was subjected to the same policy of time-shaving and being paid under two different names that Chen alleges he was a victim off.  (*Id.* ¶¶99-117)

For other delivery workers — Lao Cao, Xiao Li, Chunlong Li, and Songuang Chen — Chen alleges that they were paid the same base pay as him, were not paid for all their hours worked, and were asked to provide two social security numbers to avoid paying overtime.  (*Id.* ¶¶136-138, 147-149, 165-167, 182-184)  But Chen provides minimal information about how he learned about these delivery workers' pay.  Chen typically claims to know this information because "we worked

5

in the same position side-by-side, and because at Lili and Loo, the tip pool is split according to the number of 'full' or 'half' days worked on a weekly basis." (*Id.* ¶¶ 147, 165, 182; *see also* ¶¶134-135 (providing similar explanation for knowledge of Lao Cao's pay).

Simply put, these threadbare allegations do not sufficiently demonstrate that Chen was paid similarly to the other delivery workers. While Chen provides detailed information about the schedules of these other delivery workers, Chen has "insufficiently demonstrated the basis for [his] knowledge of other employees' . . . compensation." *Reyes v. Picnic Basket, Inc.*, 18-CV-140 (VEC), 2018 U.S. Dist. LEXIS 199037, *5 (S.D.N.Y. May 22, 2018). Chen only claims that he worked together with these delivery workers, and was part of the same tip pool. There is no explanation of why taking part in the same tip pool would mean that Chen knew the wages that the other delivery workers received. Chen offers slightly more explanation for the delivery worker Lao Cao, stating, "we would share information concerning our pay when we would split up the tip pool." (Chen Dec. ¶135) But this slight addition is still too vague to support a conclusion that other delivery workers were paid similarly to Chen. *See Reyes*, 2018 U.S. Dist. LEXIS 19903, *5-*6 (denying conditional certification where plaintiffs' claims about others' pay did not provide detail about information they received); *see also Mata v. Foodbridge LLC*, 14 Civ. 8754 (ER) 2015 U.S. Dist. LEXIS 70550, 2015 WL 3457293 (S.D.N.Y. June 1, 2015) ("information regarding 'where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process") (quoting *Sanchez v. JMP Ventures, L.L.C.,* No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, at *3 (S.D.N.Y. Jan. 27, 2014)). Nowhere in his declaration does Chen identify the amount of base pay he and his fellow delivery workers received. Nor does Chen identify, even by an approximation, how many hours of pay per week his co-workers were not paid for.

<u>Delivery Workers at Lili's 57 Asian Cuisine & Sushi Bar</u>. Chen provides far less detail about his knowledge of the pay received by delivery workers at Lili's 57 Asian Cuisine & Sushi Bar. Chen himself worked at Lili's 57 Asian Cuisine & Bar for approximately nine months, and during this period only worked 23 hours per week. (Chen Dec. ¶¶ 6, 24-28) Chen does not identify what rate of pay he received when he worked at Lili's 57 Asian Cuisine & Bar. And while Chen appears to argue that his hours worked at both Lili and Loo and Lili's 57 Asian Cuisine & Bar should be combined for purposes of calculating his hours and overtime owed, he offers minimal facts that would support this.

To support combining his hours worked at both Lili and Loo and Lili's 57 Asian Cuisine & Bar, Chen needs to show that they jointly employed him. Joint employment may arise when:

> one employer employs a worker for one set of hours in a workweek, and another employer employs the same worker for a separate set of hours in the same workweek. The jobs and the hours worked for each employer are separate, but if the employers are joint employers, both employers are jointly and severally liable for all of the hours the employee worked for them in the workweek.

29 C.F.R. § 791.2(e)(1). In this scenario:

> if the employers are acting independently of each other and are disassociated with respect to the employment of the employee, each employer may disregard all work performed by the employee for the other employer in determining its own responsibilities under the Act. However, if the employers are sufficiently associated with respect to the employment of the employee, they are joint employers and must aggregate the hours worked for each for purposes of determining compliance with the Act. The employers will generally be sufficiently associated if:
>
> (i) There is an arrangement between them to share the employee's services;
>
> (ii) One employer is acting directly or indirectly in the interest of the other employer in relation to the employee; or
>
> (iii) They share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is

7

> under common control with the other employer. Such a determination depends on all of the facts and circumstances. Certain business relationships, for example, which have little to do with the employment of specific workers – such as sharing a vendor or being franchisees of the same franchisor – are alone insufficient to establish that two employers are sufficiently associated to be joint employers.

29 C.F.R. §791.2(e)(2).[2]

Chen does not provide facts that would demonstrate that these factors are satisfied here. He does not allege that the two restaurants arranged who Chen would work for on given days. Chen does not identify facts that would show that either restaurant is acting "in the interest of the other employer in relation to the employee." The only facts he states in his declaration are that "The Lady Boss SIEW MOY LOW a/k/a Maggie Low requested that I [work under more than one name], who also requested that all deliverymen at both Lili and Loo and Lili's 57 Asian Cuisine & Sushi Bar to provide 2 Social Security numbers," (Chen Dec. ¶47), and that Chen moved supplies between the two restaurants two or three times per week. (*Id.* ¶58) This is not sufficient to support a claim that Chen was jointly employed for the nine month period that he performed work at both restaurants, such that his hours at both should be aggregated. *See Paz v. Piedra,* No. 09 Civ. 03977 (LAK) (GWG), 2012 U.S. Dist. LEXIS 4034, 2012 WL 12518495 (S.D.N.Y. Jan. 12, 2012).

Regarding the wages earned by delivery workers at Lili's 57 Asian Cuisine & Sushi Bar, Chen offers conclusory statements that they were "paid at the same wage rate as me" and that they were "not paid for all [their] hours worked as described above, and [were] also asked to provide 2 social security numbers so that Defendants can not pay him overtime." (Chen Dec. ¶¶250-251,

---

[2]The current version of this regulation went into effect March 16, 2020. *New York v. Scalia*, 1:20-cv-1689-GHW, 2020 U.S. Dist. LEXIS 163498, *12 (S.D.N.Y. Sept. 8, 2020)  Other portions of the 29 C.F.R. 791.2 were recently invalidated but 29 C.F.R. §791.2(e) was deemed severable and remains in effect. *Id.*, 2020 U.S. Dist. LEXIS 163498, *91-94.

8

267-268, 284-285, 301-302). Chen provides no detail at all as to the basis of his knowledge. Without information about the wages these delivery workers were paid, and Chen's basis for that knowledge, the Court cannot determine that they are similarly situated. *See Reyes*, 2018 U.S. Dist. LEXIS 19903, *5-*6 (denying conditional certification where plaintiffs' claims about others' pay did not provide detail about information they received).

Ah Pen. Chen identifies a single non-delivery worker whose pay he has knowledge of: Ah Pen, a dishwasher at Lili and Loo. Chen states that he learned from another delivery worker, Xiangui Lin, that Ah Pen receives $2,300 to $2,500 per month. (Chen Dec. ¶210) Chen does not offer any more information, such as whether Ah Pen received this pay on a weekly basis or less frequently, or if Ah Pen was paid an hourly, daily, weekly, or monthly rate. (*Id.* ¶¶202-213) Chen does not allege that Ah Pen was required to provide two different names and social security numbers, as he claims delivery workers were, so that the restaurant could avoid paying overtime. (*Id.*) He does not allege that Ah Pen was paid for less than his full hours. (*Id.*) All he alleges is that he learned what Ah Pen was paid from a hearsay statement from Xiangui Lin, and that he knows Ah Pen's schedule. (*Id.*) This information asserted by Chen cannot demonstrate that Ah Pen is similarly situated.

Other Non-Delivery Workers. Chen identifies numerous other employees at both restaurants, but provides no information about their pay. (Chen Dec. ¶¶68-98, 185-201, 214-234, 303-322) Chen has not provided any information about Defendant pay practices concerning these non-delivery workers, and has provided no basis for the Court to determine that they are similarly situated to him in relation to their pay. Even if the Court were to conditionally certify a collective action for delivery workers at one or both of the restaurants, that should be the extent of the scope of the collective action class. Chen has not made any demonstration that *non-delivery workers*

were paid as "part of a common policy that violates the FLSA." *Alvarado v. Villas Mkt. Place Inc.*, 19-CV-4036 (VEC), 2020 U.S. Dist. LEXIS 3715, *5, 2020 WL 91489 (S.D.N.Y. Jan. 8, 2020) (limiting scope of collective action); *see also Canelas v. Frank & Nino's Pizza Corp.*, 19-CV-6105 (VEC), 2020 U.S. Dist. LEXIS 82980, *5 (S.D.N.Y. May 11, 2020) (not including certain positions in collective action because "absent evidence of a common policy extending to them, cannot include them in the certified collective"); *She Jian Guo v. Tommy's Sushi Inc.*, 14-CV-3946 (PAE), 2014 U.S. Dist. LEXIS 147981, *8-*9 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014)(denying collective certification of all hourly paid, non-managerial employees of restaurant)

In *Yang v. Asia Mkt. Corp.*, 17-CV-6886 (VEC), 2018 U.S. Dist. LEXIS 56847, *4 (S.D.N.Y. April 3, 2018), the court also held that plaintiffs could not demonstrate sufficient facts for conditional certification because she had "not met her burden of showing that she and others suffered from the same improper compensation practices." The plaintiff only gave "general and vague" descriptions of her coworkers' experiences and potential claims. *Id.*

In the present case, there is no basis to allow conditional certification, based on Chen's anecdotal and conclusory declaration.

> B. Conditional Certification Should be Denied Because There was a Previously Certified Collective Action Covering the Restaurants' Tipped Employees

Chen's motion for conditional certification as to delivery workers should be denied for the additional reason that there has already been a certified collective action as to delivery workers at both restaurants. In *Zhou v. Lili's 200 West 57th Corp.*, Index No. 18-cv-10010 (WHP), Plaintiffs moved for and were granted collective action certification of a class of all tipped employees at both of these restaurants. (*See* Troy Dec. Ex. 7)

Chen seeks a conditional action certification of a class that includes these same members. And the prior *Zhou* action is no secret to Chen. Chen includes declarations filed by the plaintiffs

10

in *Zhou* in support of his own motion for conditional certification, and the certification order itself. (Troy Dec. Exs. 4-7)

The court should not certify a duplicative collective action. The court's analysis of this issue in *Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 U.S. Dist. LEXIS 136178, 2017 WL 3668847 (S.D.N.Y. Aug. 24, 2017) is persuasive. In *Shucker* the court denied collective action certification when two other collective actions raising the same claims for the same class had already been granted. *Id.* The court agreed with Defendants' contention "that where the same group of individuals received at least one chance to join a collective action, conditionally certifying a second (or third) collective action and issuing notice again would serve no purpose and waste the resources of the Court and the parties." *Id.*, 2017 U.S. Dist. LEXIS 136178, at *8. While not applying the first to file rule and dismissing the subsequently filed action, the court decided that "the principles underlying the first to file rule—the avoidance of duplicative litigation and the interests of judicial economy" applied to not allow a duplicative collective action. *Id.*, 2017 U.S. Dist. LEXIS 136178, at *12 (quoting *Medina v. Brothers Behrman Highway, Inc.*, No. 13-CV-4831, 2015 U.S. Dist. LEXIS 80874, 2015 WL 3679534, *3 (E D. La. June 12, 2015).

As the court in *Schucker* explained, "[t]he purpose of the conditional certification and notice procedure is to provide 'efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity,' and to 'avoid[] a multiplicity of duplicative suits.'" *Id.* (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 US. 165, 170, 172 (1989)). "Duplicative FLSA collective actions have the potential to undermine the interests of judicial economy by '[presenting] overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiation.'" *Id.* (quoting *Ortiz v. Panera Bread Co.*, No. 10-CV-1424, 2011 U.S. Dist. LEXIS 85463, 2011 WL 3353432, *2 (E D. Va. Aug. 2, 2011)).

11

Because there has already been a collective action including a portion of the class plaintiff Chen seeks to certify the Court should deny Chen's motion for a duplicative collective action litigation.

### III. PLAINTIFF FAILS TO DEMONSTRATE THAT A COLLECTIVE ACTION SHOULD ENCOMPASS ALL DEFENDANT RESTAURANTS

Chen's motion seeks to certify a collection action of all non-managerial employees at three restaurants: Lili and Loo, Lili's 57 Asian Cuisine & Bar, and Baumgart's Café. (Troy Dec. ¶2) Chen fails to show why the collective action notice should be sent to employees of all three restaurants. Chen's affidavit says nothing about any employees at Baumgart's Café. The only allegation concerning Baumgart's Café is in the Second Amended Complaint, alleging that an individual worked there three days per week and at Lili and Loo for two days per week. (*See* P. Br. at 8, citing Second Am. Complaint ¶32)

As set out in part I, Chen does not provide sufficient information to conclude either that Lili and Loo and Lili's 57 Asian Cuisine & Bar jointly employed him or other employees, nor his basis for knowing how employees at Lili's 57 Asian Cuisine & Bar were paid. Accordingly, Plaintiff's motion for a certification of a collective action class including employees of Lili's 57 Asian Cuisine & Bar and Baumgart's Café should be denied. *See Delijanin v. Wolfgang's Steakhouse, Inc.*, 18-CV-7854 (RA) (KHP), 2019 U.S. Dist. LEXIS 67948, *24 (S.D.N.Y. April 22, 2019) ("Though Plaintiff's burden is modest, this Court cannot justify conditionally certifying a class of plaintiffs across all of the Defendant's locations given the sparse evidence of common control of workers and common policies that violate the FLSA).

### IV. ANY COLLECTIVE ACTION CLASS AGAINST 792 RESTARUANT FOOD CORP. MUST BE LIMITED TO CLAIMS AFTER MAY 13, 2019

792 Restaurant Food Corp. d/b/a Lili and Loo had a chapter 11 bankruptcy plan confirmed on May 13, 2019. (*See* Dkt. No. 46 at 2)  As Chen recognizes, any claims before then were discharged. (*Id.*)  The same must apply to any collective action certified against 792 Restaurant Food Corp. d/b/a Lili and Loo.

### V. REVISIONS TO THE PROPOSED NOTICE

To the extent any collective action is conditionally certified, revisions to the proposed notice are warranted.  First, questions 5 and 6 of the proposed notice, addressing retaliation and the legal status of opt-in plaintiffs, should be deleted.  There is no showing that Defendants have attempted to retaliate against Plaintiff Chen or any other employees.

Second, Defendants ask that any consent forms be returned to the Clerk of Court, rather than Plaintiffs' counsel.  This is both to "avoid disputes over timeliness," *see Gomez v. Terri Vegetarian LLC,* 17-CV-213 (JMF), 2017 U.S. Dist. LEXIS 93191, *7 (S.D.N.Y. June 16, 2017), and to "ensure that opt-in Plaintiffs understand that they may choose their own counsel without being influenced by having to return the form to Plaintiffs' counsel." *Hernandez v. The Fresh Diet Inc.,* 12 Civ. 4339 (ALC) (JLC), 2012 U.S. Dist. LEXIS 169332, *9, 2012 WL 5936292 (S.D.N.Y. Nov. 21, 2012).

Third, Defendants object to both the timing of disclosure of contact information for class members and the amount of information Plaintiff proposes to be produced.  Chen requests the Court to order production of class member contact information within 15 days of the Court's order.  (Troy Dec. Ex. 3 ¶1)  This is an unreasonably short period of time for Defendants to amass the requested information, especially in light of the current pandemic situation.  Defendants request 45 days as a reasonable amount of time to produce the requested information to Plaintiff's counsel.

13

The information to be provided should be limited to names, last known addresses, and telephone numbers. Defendants did not regularly collect information such as email addresses and social media handles. Moreover, some of the information requested by Plaintiff goes beyond obtaining a list of individuals and contact information and appears to be an attempt to use this process for substantive discovery. (*See* Troy Dec. Ex. 3 ¶1 Column L).

Fourth, Plaintiff's proposed publication order includes a provision for equitable tolling of the statute of limitations during the notice period. (Troy Dec. Ex. 3 ¶17) Chen offers no argument for this uncommon relief in his brief. "To apply equitable tolling, the Court must find that a plaintiff has satisfied two strict conditions: (1) that extraordinary circumstances prevented the plaintiff from timely filing his or her claim, and (2) that the plaintiff pursued his or her claim with reasonable diligence during the requested period. *Canelas v. Frank & Nino's Pizza Corp.*, 19-CV-6105 (VEC), 2020 U.S. Dist. LEXIS 82980, *9 (S.D.N.Y. May 11, 2020). Plaintiff has not demonstrated that these conditions have been met. In this case it would be especially difficult to establish this since there was a previously filed collective action that covered potential class members in this action. Equitable tolling should be denied.

Fifth, Defendants object to Plaintiff's proposed order that the notification of the collective action be posted at the restaurants. (Troy Dec. Ex. 3 ¶9) "[T]his adds little marginal value to sending the notice to employees and former employees electronically and via mail. Requiring Defendants to post the notice on their premises would burden their business with unnecessary publicity of a lawsuit against them." *Canelas*, 2020 U.S. Dist. LEXIS 82980, at *8.

Sixth, Defendants object to Chen's proposed order that notice of the collective action be sent, in addition to by mail and email, by text message, social media messages, chats, or posts (Troy Dec Ex. 3.¶6), and that a website be set up for electronic submission of consents and to

obtain additional information. (*Id.*¶10)  Similar to the requirement for posting, these additional measures to provide notice are not necessary and receiving messages by additional means would be overly coercive.  And a website and public social media posts would similarly burden the Defendants' businesses with unnecessary publicity of the lawsuit.

## CONCLUSION

For the reasons stated above, Plaintiff Chen's motion for conditional collective action certification should be denied

Dated: New York, New York
September 25, 2020

**MORRISON TENENBAUM PLLC**

By: /s/ Joshua S. Androphy
Lawrence F. Morrison
Joshua S. Androphy
87 Walker Street, Floor 2
New York, NY  10013
T. (212) 620-0938
F. (646) 390-5095
Attorneys for Defendants