```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CHANG YAN CHEN, *on his own behalf and on behalf of others similarly situated*,

                                 Plaintiff,

                    -against-

LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar; BAUMGART'S NEXT DOOR INC. d/b/a Baumgart's Café; 792 RESTAURANT FOOD CORP. d/b/a Lilli and Loo; ALAN PHILLIPS; JONAH PHILLIPS; THEAN CHOO CHONG a/k/a Alfred Chong; SIEW MOY LOW a/k/a Maggie Low; STEW M. LOW; EPHAN "DOE"; and "MIGI" DOE,

                                Defendants.
------------------------------------------------------------------ X

19-CV-7654 (VEC)

<u>OPINION AND ORDER</u>

VALERIE CAPRONI, United States District Judge:

Plaintiff Chang Yan Chen, individually and on behalf of other employees similarly situated, brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL"), and New Jersey State Wage and Hour Law ("NJWHL"). Plaintiff, a delivery worker, contends that his employers failed to pay him and others the statutory minimum wage for all hours worked and failed to pay overtime for hours worked in excess of the 40-hour statutory workweek, among other related claims. Plaintiff has sued three restaurants, contending that they comprise a single enterprise, as well as the restaurants' alleged owners and operators. Defendants[1] move to dismiss Defendant Baumgart's Café and the

---

[1] For reasons that are unclear — although likely because they have asserted that they are not proper parties to this case — Defendants Alan Phillips and Jonah Phillips do not appear to have joined in Defendants' motion to dismiss the NJWHL claims. Nevertheless, the Court exercises its discretion to grant the motion to dismiss the NJWHL claims as to all Defendants, not just the moving Defendants. A district court may dismiss a complaint or portions of a complaint *sua sponte* for failure to state a claim, as long as the plaintiff has been given notice and an opportunity to be heard. *See Wachtler v. Cty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Here, Plaintiff clearly had

1

NJWHL claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Mot., Dkt. 56.  For the reasons set forth below, Defendants' motion to dismiss is GRANTED.  Defendant Baumgart's Café is dismissed with prejudice, Plaintiff's NJWHL claims are dismissed without prejudice, and Plaintiff's request to amend the Second Amended Complaint ("SAC") is denied.

## I. BACKGROUND[2]

Between July 2014 and June 2019, Plaintiff worked as a delivery worker for two restaurants in New York City, Defendants Lilis 200 West 57th Corp. ("Lili's 57") and 792 Restaurant Food Corp. ("Lilli and Loo").  SAC ¶ 7.  At times, Plaintiff worked more than 40 hours in a workweek.  *See id.* ¶¶ 41–46.  Although he was promised an hourly rate of $7.50 from 2014 through 2017 and an hourly rate of $10.85 in 2018 and 2019, Plaintiff contends that he was paid a flat rate, regardless of the number of hours he worked, and that at no point did he receive premium pay for overtime work.  *See id.* ¶¶ 49–52, 223.  Plaintiff also asserts that he was not provided a statement of his weekly pay, was not paid "spread of hours" pay for shifts lasting longer than ten hours, and was not reimbursed for the cost of his electric bicycles or gasoline.  *Id.* ¶¶ 226–232.  He alleges that Defendants had a policy and practice of refusing to pay Plaintiff and others similarly situated in full for some or all of the hours they worked, as well as refusing to pay time-and-a-half for all hours worked in excess of 40 in a workweek.  *See id.* ¶¶ 243–246, 255–262.

---

both notice and an opportunity to be heard, as the other Defendants moved to dismiss the NJWHL claims, and Plaintiff asserts and argues against dismissal of those claims without distinguishing among Defendants.  Therefore, because the Court finds that Plaintiff's NJWHL claims are plainly untenable as to all Defendants, the Court's dismissal of Plaintiff's NJWHL applies to all Defendants, including the Phillips Defendants.

[2]  For purposes of the motion to dismiss, the Court must "accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor."  *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006) (articulating Rule 12(b)(6) standard).

On August 15, 2019, Plaintiff commenced this action, bringing claims under the FLSA and NYLL against Lili's 57 and several individual defendants. *See* Complaint, Dkt. 1. On September 25, 2019, Plaintiff filed the First Amended Complaint ("FAC"), adding Baumgart's Café as a defendant and adding wage claims under NJWHL. *See* FAC, Dkt. 10. Finally, on September 2, 2020, Plaintiff filed the SAC, adding Lilli and Loo as a defendant and arguing that Lili's 57, Lilli and Loo, and Baumgart's Café are collectively an enterprise as defined in the FLSA. *See* SAC, Dkt. 52.

On September 16, 2020, Defendants moved to dismiss Plaintiff's claims against Baumgart's Café and Plaintiff's NJWHL claims. *See* Notice of Mot. In moving to dismiss Baumgart's Cafe, Defendants argue that Plaintiff never worked at Baumgart's Café and that Baumgart's Café is not a joint employer with Lili's 57 and Lilli and Loo. *See* Defs. Mem., Dkt. 57. Defendants also argue that the NJWHL claims must be dismissed because Plaintiff never worked in New Jersey. *See id.*

## II. DISCUSSION

### A. Legal Standard on Motion to Dismiss

"To survive a motion to dismiss under [Rule] 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "[A] complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). Nevertheless, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

### B. Claims Against Baumgart's Café

Defendants contend that Plaintiff has not and cannot assert any theory of liability under which Baumgart's Café can be held liable as Plaintiff's employer. Plaintiff concedes that he never worked for Baumgart's Café, instead asserting that Baumgart's Café formed a single enterprise with Lili's 57 and Lilli and Loo, such that Baumgart's Café can be held liable as Plaintiff's employer under the FLSA. Because Plaintiff has failed to allege sufficient facts from which the Court can infer that Baumgart's Café is part of a single enterprise with Lili's 57 and Lilli and Loo, and because Plaintiff has failed to assert any other theory of joint-employer liability, all claims against Baumgart's Café are dismissed.[3]

"An entity 'employs' an individual under the FLSA if it 'suffer[s] or permit[s]' that individual to work." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (quoting 29 U.S.C. § 203(g)). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)). The Second Circuit has applied different multi-factor tests to assess whether an employment

---

[3] Courts have repeatedly held that the definition of employer under both the NYLL and NJWHL is coextensive with the definition of employer under the FLSA, including in the joint employment context. *See, e.g.*, *Tae In Kim v. Dongbu Tour & Travel, Inc.*, No. 12-CV-1136, 2012 WL 12903881, at *2 (D.N.J. June 6, 2012) ("The definitions of 'employer' and 'employee' under the FLSA and the NJWHL are essentially identical."); *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005) ("Courts hold that the New York Labor Law embodies the same standards for joint employment as the FLSA."). The Court's finding that Baumgart's Café cannot be held liable as Plaintiff's employer under FLSA therefore applies equally to Plaintiff's NYLL and NJWHL claims.

relationship exists, considering the "economic reality" of the specific employment situation before the court.  *See Zheng*, 355 F.3d at 72 (assessing six factors to determine whether a manufacturer could be held liable as an "employer" of laborers of its subcontractors); *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (analyzing "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983))).

When a plaintiff alleges that more than one entity was responsible for his or her employment, courts often assess whether the entities can be held liable as "joint employers." Joint employment comes in two flavors: (1) vertical, in which "an employee of one employer (referred to . . . as an 'intermediary employer') is also, with regard to the work performed for the intermediary employer, economically dependent on another employer"; and (2) horizontal, in which "two (or more) employers each separately employ an employee and are sufficiently associated with or related to each other with respect to the employee."  *Murphy v. Heartshare Hum. Servs. of N.Y.*, 254 F. Supp. 3d 392, 396–97 (E.D.N.Y. 2017) (quoting U.S. Dep't of Labor, Wage & Hour Div. Opinion Letter (Jan. 20, 2016), 2016 WL 284582, at *4).

Here, Defendants are correct that Plaintiff has not alleged facts from which the Court can infer that Baumgart's Café could be held liable as a joint employer.  There are no allegations that Baumgart's Café is a parent company of either Lili's 57 or Lilli and Loo, such that a vertical joint employment relationship might exist.  Nor has Plaintiff alleged any facts about his connection to Baumgart's Café to support the inference that the entities had a horizontal joint employment relationship; he does not contend that he ever worked for Baumgart's Café or that

5

his work for Lili's 57 or Lilli and Loo benefited Baumgart's Café in some way. *See Guaraca v. Cafetasia Inc.*, No. 17-CV-1516, 2018 WL 4538894, at *6–7 (S.D.N.Y. Sept. 20, 2018). There are simply no allegations tying Baumgart's Café to the other two restaurants *in connection with Plaintiff's employment*. *See* 29 C.F.R. § 791.2(b) (describing the two joint employer scenarios under the FLSA, both of which require some connection between the joint employers and the employee him or herself).

Seemingly conceding that he has not adequately alleged that Baumgart's Café is liable under a joint-employer theory, Plaintiff argues that he need not have worked at Baumgart's Café in order for it to be held liable, relying instead on a "single-enterprise" or "single integrated employer" theory.[4] Under this theory, "an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240–41 (2d Cir. 1995)). Under a joint-employer theory, "an employee, formally employed by one entity, . . . has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity," whereas the single employer theory applies "where two nominally separate entities are actually part of a single integrated enterprise," such that an employee need not have worked at each entity

---

[4] In the SAC, Plaintiff seems to conflate the theories of joint employment and single-enterprise liability. *See* SAC ¶ 32 ("Upon information and belief, Corporate Defendants . . . are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 U.S.C. § 203(r) . . . ."). In his response to Defendants' motion to dismiss, however, Plaintiff appears to rely exclusively on the single-enterprise theory, making no argument concerning joint employment as typically understood in the FLSA context. *See* Pl. Response at 5–8, Dkt. 63.

in order to hold each liable for employment-related violations.  *Id.* (quoting *Clinton's Ditch Coop. Co. v. NLRB*, 778 F.2d 132, 137 (2d Cir. 1985)).

"While the Second Circuit has yet to rule on whether the 'integrated enterprise / single employer doctrine' is applied in FLSA cases, the 'shared policy concerns underlying the . . . doctrine and the FLSA' urge the theory's application to FLSA claims." *Lopez v. Pio Pio NYC, Inc.*, No. 13-CV-4490, 2014 WL 1979930, at *3 (S.D.N.Y. May 15, 2014) (quoting *Chen v. TYT E. Corp.*, 10-CIV-5288, 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012)).  Thus, several courts within this circuit have applied this theory in FLSA cases.  *Id.* at *4 (collecting cases); *but see, e.g.*, *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013) (declining to apply the "integrated enterprise test" and instead relying on the traditional "economic reality test").  In applying the single integrated enterprise test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014).  In the context of Title VII claims, the Second Circuit has held that the second factor, centralized control of labor relations, is the central element in this analysis.  *See Cook*, 69 F.3d at 1240.

Plaintiff has failed to allege facts from which the Court can infer that Baumgart's Café operated in tandem with Lili's 57 and Lilli and Loo such that the three restaurants operate as a single integrated enterprise.  The SAC has only one specific, relevant allegation concerning Baumgart's Café: a single employee, a sushi chef, worked for Baumgart's Café three days a week and for Lilli and Loo for two days a week.  *See* SAC ¶ 32.  All other allegations in the SAC are naked assertions or formulaic recitations of elements necessary to establish the existence of a single integrated business, with some even seemingly contradicted by Plaintiff's own statements

in the SAC or in his opposition to Defendants' motion. *See id.* (alleging, without more, that the corporate Defendants "share materials," "advertise the Corporate Defendants as an enterprise," and "pay Plaintiff and other employees for the work performed at the enterprise no matter what location they worked [at]"). The Court does not consider these conclusory assertions in weighing Defendants' motion to dismiss. *See Iqbal*, 556 U.S. at 678 (holding that plaintiffs cannot rely on conclusions or formulaic recitations to push its case across the line from possible to plausible). Plaintiff's allegation concerning a single employee's concurrent employment at Baumgart's Café and Lilli and Loo, standing alone, is patently insufficient to demonstrate that Baumgart's Café operates as part of a single integrated enterprise with Lili's 57 and Lilli and Loo.

In opposing the motion to dismiss, Plaintiff contends, for the first time, that Defendant Thean Choo Chong is listed on a New Jersey corporation filing as the registered agent, director, and incorporator of Baumgart's Café. *See* Pl. Response at 7; Dkt. 62-1. Those facts do not appear in the SAC; they were first asserted in Plaintiff's opposition to the motion to dismiss. Defendants argue that the Court "should limit its review to the complaint" and should reject Plaintiff's "attempt to introduce material from outside the pleadings." Defs. Reply at 2; *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). Plaintiff acknowledges that none of this information was plead in the SAC but nonetheless presses the Court to take judicial notice of these facts. *See* Pl. Response at 6–7.

In weighing a motion to dismiss, a court may take judicial notice of material not plead in the complaint assuming the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Kramer*, 937 F.2d at 773 ("Of course, [a court] may also consider matters of which judicial notice may be taken under Fed.R.Evid. 201."). In taking judicial notice of documents in the public record at the motion to dismiss stage, however, the district court is to consider the documents "only to establish their existence and legal effect, or to determine what statements [they] contained . . . not for the truth of the matters asserted." *Liang v. City of New York*, No. , 2013 WL 5366394, at *5 (E.D.N.Y. Sept. 24, 2013) (internal quotation marks and citation omitted); *see also Kramer*, 937 F.2d at 774 (finding that, at the motion to dismiss stage, a court should take judicial notice of publicly filed documents to determine what statements the documents contain, not for the truth of the matter asserted). Thus, in taking judicial notice of the New Jersey filing appended to Plaintiff's response to the motion to dismiss, the Court notes only that Mr. Chong is listed as the registered agent, director, and incorporator of Baumgart's Café.

To the extent the Court is willing to consider Plaintiff's allegations concerning Mr. Chong's involvement with Baumgart's Café, Plaintiff asserts that he has adequately alleged shared ownership and management among the three restaurants, given the SAC's allegations concerning Mr. Chong's ownership and management of Lili's 57 and Lilli and Loo. *See* Pl. Response at 7. But Plaintiff's allegations concerning Mr. Chong's ownership and management of Lili's 57 and Lilli and Loo are little more than naked, conclusory assertions. The only allegations specific to Mr. Chong in the SAC are that he was known as "boss" to Plaintiff and that he had the power to hire and fire employees, supervised and controlled employees' work schedules, determined employees' rate and method of payment, and maintained employee

records at Lili's 57 and Lilli and Loo.  SAC ¶ 22.  Plaintiff makes these same claims, using the same conclusory language, to describe all seven of the individual Defendants, providing nothing further in the way of detail.  *See id.* ¶¶ 18–31.  Plaintiff also alleges generally that "[t]he Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant[s]."  SAC ¶ 17.  Although Plaintiff identifies certain individual Defendants by their title or role, Plaintiff provides no such description for Mr. Chong.  *See id.* ¶¶ 18, 24, 26 (describing Alan Phillips as "CEO and shareholder" of Lili's 57; Siew Moy Low as "President" of Lilli and Loo and "shareholder" of Lili's 57; and Stew M. Low as "an officer" of Lilli and Loo).

These allegations are simply a recitation of the four factors that comprise the economic reality test as defined by the Second Circuit.  *See Carter*, 735 F.2d at 8.  There is no reason to credit these formulaic allegations at the motion to dismiss stage.  *See Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020) (describing these exact allegations as "the paradigmatic 'formulaic recitation of the elements of a cause of action'" (quoting *Iqbal*, 556 U.S. at 678)); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("[M]ere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details—essentially 'a formulaic recitation of the elements of a cause of action'—are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA." (quoting *Twombly*, 550 U.S. at 555)).  These allegations are patently insufficient to make out a claim for relief.  *See Huer Huang*, 459 F. Supp. 3d at 588–89 (rejecting as insufficient "identical allegations in the identical language as to all of the 12 individual

defendants regardless of their role, where they worked, and whether they had ownership interest in [a corporate defendant] and, if so, which one").

Even if the Court were to accept these allegations as meeting the threshold level of specificity required at the motion to dismiss stage, they do nothing to establish shared ownership among the three restaurants, as none the allegations in the SAC that are specific to Mr. Chong clearly indicate ownership of either Lili's 57 or Lilli and Loo. Further, they do not push the concept of shared management across the line from possible to plausible; Mr. Chong's status as the registered agent, director, and incorporator of Baumgart's Café does nothing to establish whether he has any day-to-day managerial role there. *See id.* ("That [individual defendant] opened each of the [corporate defendant] locations does not establish that he manages and operates them today or that he did during the proposed class period . . . [and] does not establish an interrelation of operations or centralized control of labor relations today."). The Court, therefore, has no reason to credit Plaintiff's allegation, also raised for the first time in his opposition to the motion to dismiss, that the three corporate Defendants are co-owned and managed by the husband-and-wife pairing of Defendants Siew Moy Low and Thean Choo Chong. *See* Pl. Response at 6.

Finally, even if the Court were to consider Plaintiff's conclusory allegations concerning shared ownership and management across the corporate Defendants, Plaintiff has still not alleged facts from which the Court can infer that the three defendant restaurants operate as a single integrated enterprise. Plaintiff's allegations simply do not rise to the level required to find multiple corporate entities liable as a single enterprise. In each of the cases on which Plaintiff relies, there were multiple, specific allegations that went well beyond what Plaintiff has alleged that allowed the court to infer that the relevant entities were properly classified, at least at the

pleading stage, as a single enterprise. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 558–59 (S.D.N.Y. 2015) (alleging that four chains of a larger enterprise shared a single website and a single menu, plaintiff received a tax form from a location at which he had never worked, and all deliverymen across all locations were recorded in a single log and shared among all locations); *Juarez*, 29 F. Supp. 3d at 367–68 (alleging that three restaurants "maintain the same or similar interior décor, use the same or similar menus, and require [employees] to wear the same uniform," that the restaurants share the same website, and that plaintiff worked at all three restaurants); *Bravo v. Established Burger One LLC*, No. 12-CIV-9044, 2013 WL 5549495, at *8–9 (S.D.N.Y. Oct. 8, 2013) (alleging that multiple franchisees of larger chain jointly advertised on a single website, marketed restaurants as single entity, used the same menus, and paid all employees from a central office); *see also Huer Huang*, 459 F. Supp. 3d at 589–90 (describing the common feature among *Yap*, *Juarez*, and *Bravo* — missing in *Huer Huang* as it is here — as "an allegation of operational control, specifically an allegation that permits the inference that the 'alleged employer possessed the power to control the workers in question'" (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999))). Plaintiff's allegations even fall short of those found by other courts to be inadequate to allege a single integrated enterprise. *See, e.g.*, *Huer Huang*, 459 F. Supp. 3d at 587 (rejecting single enterprise argument despite allegations of shared website, shared menu, overlapping shareholders, and allegations of shared management identical to those proffered by Plaintiff in the instant action).

Ultimately, even were the Court to credit the entirety of Plaintiff's alleged "facts," Plaintiff's allegation of a single shared employee between Baumgart's Café and Lilli and Loo and alleged shared ownership and management is insufficient to allow the Court to infer, even at the pleading stage, that Baumgart's Café is part of a single enterprise with Lili's 57 and Lilli and

Loo. *See id.* at 588 ("[T]he fact that the Midtown and Chinatown locations share a partial owner . . . who has a 50% ownership in each does not make the Chinatown location responsible for the Midtown location's labor law violations under either the FLSA or NYLL."); *Robles v. Argonaut Rest. & Diner, Inc.*, No. 05-CV-5553, 2009 WL 3320858, at *2 (S.D.N.Y. Oct. 9, 2009) (holding that common ownership of two corporations by the same shareholder did not establish a single enterprise). Because Plaintiff has failed to allege facts from which the Court can plausibly infer that Baumgart's Café operated as a joint employer or as a single integrated enterprise with the other corporate Defendants, and because Plaintiff acknowledges that he never worked at Baumgart's Café, Baumgart's Café cannot be held liable as his employer under the FLSA, NYLL, or NJWHL. Plaintiff's claims against Baumgart's Café are, therefore, dismissed.

### C. NJWHL Claims

Defendants next press the Court to dismiss Plaintiff's NJWHL claims as to all Defendants because Plaintiff never worked in New Jersey. *See* Defs. Mem. at 6. Plaintiff argues in response that his NJWHL claims should not be dismissed because "he seeks to represent a multi-state class which would include New Jersey workers with NJWHL claims." Pl. Response at 8. In light of the Court's dismissal of all claims against Baumgart's Café, the only New Jersey-based corporate Defendant, and because Plaintiff concedes that he never worked in New Jersey, the motion to dismiss Plaintiff's NJWHL claims is GRANTED, without prejudice to putative class members later asserting NJWHL claims. *See Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 383 (S.D.N.Y. 2012) ("In order to avail himself of [the NJWHL], Plaintiff must have worked in New Jersey."). To the extent Plaintiff is successful in certifying a

Rule 23 class that includes members who allegedly possess NJWHL claims, the Court will assess whether to permit those plaintiffs to assert their NJWHL claims in this case at that time.[5]

### D. Leave to Amend Denied

Plaintiff requests that, in the event the Court grants Defendants' motion to dismiss, it grant Plaintiff leave to amend the SAC to cure the relevant deficiencies. *See* Pl. Response at 9. Plaintiff's request is DENIED. First, this is Plaintiff's third iteration of a complaint in what is a garden variety FLSA case. Further, Plaintiff previously amended his complaint to add Baumgart's Café as a defendant and to assert NJWHL claims, even though he knew full well that he never worked at Baumgart's Café and never worked in New Jersey. Therefore, Plaintiff was aware at the time of filing the FAC and the SAC that the only way he could assert claims against Baumgart's Café would be to allege facts from which the Court could plausibly infer that Baumgart's Café operated as a joint employer or part of a single integrated enterprise with Lili's 57 and Lilli and Loo. Finally, the Court finds that amendment would be futile; Plaintiff's sole extra-pleading facts asserted in his opposition brief would not change the Court's decision, and Plaintiff has pointed to no additional facts that would support his assertion that Baumgart's Café is part of a single enterprise with Lili's 57 and Lilly and Loo. Moreover, Plaintiff has conceded that he never worked in New Jersey, making retention of his NJWHL claims entirely inappropriate. Thus, leave to amend the complaint is not warranted.

---

[5]   Because the Court has rejected Plaintiff's attempt to allege that Baumgart's Café is a joint employer or part of a single integrated enterprise with Lili's 57 and Lilli and Loo, the Court can conceive of only one situation in which this issue would arise: The putative class member would have had to have performed some portion of his or her employment *for Lili's 57 or Lilli and Loo* in New Jersey. Any employment *solely for Baumgart's Café* in New Jersey would be irrelevant, given the Court's decision to dismiss Baumgart's Café from this case.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Plaintiff's request to amend his complaint is DENIED. The Clerk of Court is respectfully requested to terminate the open motion at Dkt. 56.

**SO ORDERED.**

**Date: December 30, 2020**
      **New York, New York**
                                            **VALERIE CAPRONI**
                                            **United States District Judge**