```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHANG YAN CHEN, *on his own behalf and on behalf of others similarly situated*,

            Plaintiff,

    -against-

LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar; 792 RESTAURANT FOOD CORP. d/b/a Lilli and Loo; ALAN PHILLIPS; JONAH PHILLIPS; THEAN CHOO CHONG a/k/a Alfred Chong; SIEW MOY LOW a/k/a Maggie Low; STEW M. LOW; EPHAN "DOE"; and "MIGI" DOE,

            Defendants.
-------------------------------------------------------------- X

19-CV-7654 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

  Plaintiff Chang Yan Chen, a deliveryman, sued his former employers and their owners and operators for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*[1] Second Amended Complaint ("SAC") ¶¶ 1–4, Dkt. 52.  Plaintiff moves for conditional certification of a collective pursuant to section 216(b) of the FLSA.  Notice of Mot., Dkt. 53.  For the following reasons, Plaintiff's motion is GRANTED in part.

## BACKGROUND

  Between July 2014 and June 2019, Plaintiff worked as a deliveryman for two restaurants in New York City, Lilis 200 West 57th Corp. ("Lili's 57") and 792 Restaurant Food Corp. ("Lilli and Loo").  SAC ¶ 7, 40.  For the bulk of his employment, Plaintiff worked only for Lilli and

---

[1]   Plaintiff also brought claims under the New Jersey State Wage and Hour Law; those claims were dismissed pursuant to the Court's December 30, 2020 Opinion.  *See* Dkt. 67.

Loo.  *See* Affidavit of Chang Yan Chen ("Chen Aff.") ¶¶ 4–8, Dkt. 54-4.  For approximately nine months during 2018, Plaintiff worked concurrently for Lilli and Loo and Lili's 57.  *See id.* ¶ 6.  At times, Plaintiff worked more than 40 hours in a workweek.  *See* SAC ¶¶ 41–46.  Although he was promised an hourly rate of $7.50 from 2014 through 2017 and an hourly rate of $10.85 in 2018 and 2019, Plaintiff contends that he was not paid minimum wage, not paid for all hours worked, and that at no point did he receive premium pay for overtime work.  *See id.* ¶¶ 49–52, 223.

Plaintiff alleges that Defendants had a policy and practice of refusing to pay him and many of his coworkers in full for some or all of the hours they worked, as well as refusing to pay time-and-a-half for all hours worked in excess of 40 in a workweek.  *See id.* ¶¶ 243–246, 255–262.  Plaintiff also asserts that Defendants had a common practice of asking all deliverymen at Lili's 57 and Lilli and Loo for at least two Social Security numbers and paying deliverymen under multiple names.  *See* Chen Aff. ¶¶ 46–48.  Plaintiff contends that he "befriended other employees" during his employment and that they "also suffered the same practice and policy of Defendants."  *Id.* ¶ 64.   With respect to his fellow deliverymen at Lilli and Loo, Plaintiff asserts that they shared a tip pool, worked the same schedule, and were paid at the same time.  *See, e.g.*, *id.* ¶¶ 118–138.  Plaintiff also identifies approximately 35 other employees, including waitstaff, chefs, and other kitchen staff, whose schedules Plaintiff was aware of because he observed them working.  *See, e.g.*, *id.* ¶¶ 316–322.  On this basis, Plaintiff has moved for conditional certification of a collective action on behalf of "all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years . . . and whom were not compensated at their promised hourly rate for all hours worked and at one and one half

times their promised work for all hours worked in excess of forty (40) hours per week."[2]  SAC ¶ 233.

## DISCUSSION

### I.  Legal Principles

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).  In determining whether to certify a collective action, courts in the Second Circuit use a two-step process.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the "notice stage," a plaintiff must establish that other employees "may be 'similarly situated'" to them.  *Id.* at 555.  To meet this burden, the plaintiff need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.* (citations omitted).  Although that burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555 (citation omitted).  Courts nonetheless employ a "low standard of proof because the purpose of this first stage is merely to determine *whether*

---

[2]  Plaintiff seeks to conditionally certify a collective of employees who worked at any of three restaurants: Lili's 57, Lilli and Loo, and Baumgart's Next Door Inc. ("Baumgart's Café").  Because the Court dismissed Baumgart's Café as a Defendant in this case after finding that Plaintiff had failed to allege adequately that Baumgart's Café constituted an enterprise or joint employer with the other two restaurants, the Court does not consider whether employees of Baumgart's Café should be included in Plaintiff's conditional collective.  *See Chen v. Lilis 200 West 57th Corp.*, No. 19-CV-7654, 2020 WL 7774345, at *2 (S.D.N.Y. Dec. 30, 2020).  Had the Court considered the issue, however, it would have readily concluded that Plaintiff has failed to adduce evidence to support including any employees of Baumgart's Café in the conditional collective; the only information Plaintiff provides with respect to Baumgart's Café is that one sushi chef worked concurrently at Baumgart's Café and Lilli and Loo.  *See* SAC ¶ 32; Pl. Mem. at 8, Dkt. 55.  That would be insufficient to persuade the Court that employees at Baumgart's Café are similarly situated to Plaintiff.  *See Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ("In presenting evidence on the appropriateness of granting collective action status, the plaintiff's burden may be very limited and require only a modest factual showing, but the burden is not non-existent and the factual showing, even if modest, must still be based on some substance." (cleaned up)).

'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (citation omitted). Courts do not examine "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiff must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiff and that they were all subject to an illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555). "The action may be 'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

## II.    Application

### A.    The Motion to Certify a Collective Is Granted in Part

Given the modest burden imposed on plaintiffs at the notice stage of collective certification, Plaintiff has provided barely enough evidence to conditionally certify a collective of deliverymen who worked at Lili's 57 or Lilli and Loo. Plaintiff has not, however, presented sufficient evidence from which the Court can conclude that employees other than deliverymen are similarly situated such that they should be included in the collective.

#### 1. Deliverymen

Plaintiff asserts in a sworn affidavit that deliverymen at both restaurants were not paid for all hours worked, were not paid at least the statutory minimum wage, were not paid time-and-a-half for overtime hours worked, and did not receive spread-of-hours pay.[3] *See* Chen Aff. ¶ 64;

---

[3]     The spread of hours allegations are made solely pursuant to the NYLL.

4

*see also, e.g.*, *id.* ¶¶ 136–138.  Plaintiff also asserts that all deliverymen at both restaurants were asked to provide two Social Security numbers to assist Defendants in carrying out their policy of underpaying employees.  *See id.* ¶¶ 46–48.  In support of his contentions, Plaintiff includes in his affidavit the names of other deliverymen with whom he worked at both restaurants, details about their background and appearance, and details about their work schedules.  *See id.* ¶¶ 67, 99–184, 235–302.

With respect to deliverymen at Lilli and Loo, Plaintiff asserts that he personally observed their schedules, saw them receive their paychecks, and participated in a shared weekly tip pool, all of which allowed him to learn that Defendants paid other deliverymen the same "base wage" as him and required deliverymen to provide multiple Social Security numbers to avoid paying them for all hours worked.  *See id.* ¶ 67; *see also, e.g.*, *id.* ¶¶ 139–149.  Plaintiff also asserts that he and one other deliveryman at Lilli and Loo shared information concerning their pay when they split the tip pool.  *Id.* ¶ 135.

As to deliverymen at Lili's 57, Plaintiff asserts, without more, that they were "paid at the same wage rate" as him and were also asked to provide two Social Security numbers.  *See, e.g.*, *id.* ¶¶ 235–251.  Unlike his allegations concerning Lilli and Loo, Plaintiff does not assert that he participated in a shared tip pool at Lili's 57 or that he talked to its deliverymen about their compensation.  Other than the fact that he worked in the same position and observed their work schedules, Plaintiff provides no basis for any personal knowledge of the compensation of Lili's 57's deliverymen.  Plaintiff does, however, provide affidavits from two former Lili's 57 deliverymen that had been submitted as part of a prior lawsuit in which the plaintiffs similarly alleged FLSA violations against Lili's 57, Lilli and Loo, and individual defendants associated

with the restaurants.[4]  *See* Declaration of Wei Ren Zhong ("Zhong Decl."), Dkt. 54-5; Declaration of Lin Qiang Zhou ("Zhou Decl."), Dkt. 54-6.

Mr. Zhong and Mr. Zhou were deliverymen at Lili's 57 until 2018.  *See* Zhong Decl. ¶ 3; Zhou Decl. ¶ 3.  Each asserted that he received a fixed salary regardless of the number of hours he worked and that he often worked in excess of 40 hours in a workweek.  Zhong Decl. ¶¶ 10, 12; Zhou Decl. ¶ 10, 12–13.  In their sworn affidavits, Mr. Zhong and Mr. Zhou both stated that they knew of other deliverymen's wages and hours because they spoke often with other employees about Defendants' compensation policies, and Mr. Zhou claimed that other deliverymen would often ask him about their paychecks.  Zhong Decl. ¶¶ 8, 13; Zhou Decl. ¶¶ 8, 13–14.  Both also asserted that the deliverymen at Lili's 57 participated in a shared tip pool.  Zhong Decl. ¶ 18; Zhou Decl. ¶ 18.

Notwithstanding the fact that Plaintiff has provided very limited information concerning his and other deliverymen's pay and has minimally demonstrated the basis for his knowledge of other deliverymen's compensation, his evidence is sufficient, although just barely, to warrant conditionally certifying a collective of deliverymen at both restaurants.  *See Myers*, 624 F.3d at

---

[4] In the prior action, *Zhou v. Lili's 200 West 57th Corp.*, No. 18-CV-1010-WHP (S.D.N.Y. 2018), the parties reached a settlement two months after Judge Pauley conditionally certified a collective of non-exempt, tipped employees.  *See* No. 18-CV-1010, Dkt. 57.  Defendants contend that, given certification of a collective of all tipped employees at both Lili's 57 and Lilli and Loo in the prior action, conditionally certifying a class in the present action would be duplicative and a waste of judicial resources.  *See* Defs. Mem. at 10–12, Dkt. 61.  Plaintiff counters that, because one of the corporate defendants in the prior action petitioned for bankruptcy and the automatic stay as to that defendant was never lifted, and because the parties in the prior action settled shortly after conditional certification, no collective notices were ever distributed and no employees had the opportunity to opt in before the case settled.  *See* Pl. Reply at 4–6, Dkt. 64.  The Court agrees with Plaintiff and does not believe that conditional certification in this action would result in unnecessary duplication or a waste of resources.  Unlike in the case on which Defendants primarily rely in support of their argument, here, there appears to have been only one prior action, and no potential plaintiffs appear to have opted in.  *See Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439, 2017 WL 3668847, at *5 (S.D.N.Y. Aug. 24, 2017) (finding that there had been "approximately 23 other actions filed" against defendant and stating that "[o]f the 95 individuals on Plaintiffs' proposed notice list, 94 have been given notice through" the other litigations).  Notwithstanding the existence of a prior collective action, the Court is well within its discretion to grant a second collective action in this case.  *See id.* at *6 (confirming that the FLSA does not prohibit multiple collective actions and that the issue is one of discretion, considering judicial resources).

555 ("The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." (cleaned up)).  The detailed information that Plaintiff provides concerning other deliverymen's schedules, the fact that they were paid at the same time and participated in the same tip pool, and Plaintiff's alleged conversations with another deliveryman regarding his compensation collectively suffice to meet Plaintiff's minimal burden at the notice stage of persuading the Court that other deliverymen at Lilli and Loo were subject to the same wage practices as Plaintiff.  *See Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." (quoting *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)).  While part of Plaintiff's basis of knowledge is hearsay, the Court may consider hearsay in deciding a motion for conditional certification.  *See Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011) ("[C]ourts in this Circuit 'regularly rely on [conclusory allegations and hearsay] to determine the propriety of sending a collective action notice.'" (quoting *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 363 (E.D.N.Y. 2007))).  Further, based on Plaintiff's own affidavit and the affidavits of the plaintiffs from the prior related matter, the Court finds that Plaintiff has carried his burden with respect to deliverymen at Lili's 57.[5]  *See Hallissey v. Am. Online, Inc.*, No. 99-CV-3785, 2008

---

[5]  Defendants also object that Plaintiff has failed to allege sufficient information from which the Court can conclude that Lili's 57 and Lilli and Loo should be considered joint employers so that Plaintiff's hours can be aggregated for the period during which he worked at both restaurants.  *See* Defs. Mem. at 7–8.  At this stage, however, the Court need not determine whether the two restaurants, in fact, were joint employers; Plaintiff has adequately alleged, based on his and others' purported firsthand knowledge, that deliverymen at both Lili's 57 and Lilli and Loo were subject to Defendants' policy or practice of failing to compensate them for all hours worked at a rate not less than the statutory minimum wage and failing to pay overtime for hours worked in excess of the statutory 40-hour workweek.  *See, e.g.*, Chen Aff. ¶¶ 252–268; *see also Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07-CV-2579, 2008 WL 3399067, at *1, 3 (S.D.N.Y. Aug. 12, 2008) (granting conditional certification of a

WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy [their burden] by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.").

Plaintiff's (admittedly cursory) allegations of personal knowledge combined with the facts contained in the prior plaintiffs' declarations — and that Judge Pauley certified a collective of all non-exempt, tipped employees at both Lili's 57 and Lilli and Loo at least in part based on those declarations — warrant conditional certification of a collective including deliverymen at Lili's 57 and Lilli and Loo.

### 2. Exempt Employees Other than Deliverymen

Plaintiff, however, falls short of providing sufficient evidence with respect to any employees other than deliverymen at either restaurant. Plaintiff would have the Court extrapolate from his evidence concerning deliverymen's compensation and his knowledge of other employees' work schedules to conclude that Defendants' wage practices applied uniformly to all non-exempt employees. *See* Pl. Mem. at 17, Dkt. 55 ("[T]he fact that all of the employees are employed by a restaurant working long hours and all the deliverymen were paid below the federal minimum wage, had their hours shortchanged, and further did not receive overtime pay for overtime work support the inference that the entire restaurant is similarly affected . . . ."). As

---

collective of three businesses without assessing claims of joint employment because of modest standard at notice stage and evidence of uniform policy as to other employees); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."). In any event, the Court finds that Plaintiff's allegations concerning shared management, transferring employees between restaurants, and sharing supplies are sufficient to warrant certifying a collective of deliverymen at both restaurants. *See Zhuo v. Jia Xing 39th Inc.*, No. 14-CV-2848, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (noting that '[s]everal courts have conditionally certified a collective of employees spanning multiple locations based on the allegations and affidavit of a single plaintiff who worked at only one location," and collecting cases).

That said, the Chapter 11 bankruptcy plan for Lilli and Loo, see *infra* note 7, will create challenges for Plaintiff inasmuch as any claims arising prior to confirmation of the Plan have been discharged.

8

an initial matter, Plaintiff's evidence that other deliverymen were subject to the same wage practices is barely sufficient to certify a collective of deliverymen; to extrapolate from Plaintiff's sparse assertions regarding deliverymen to cover any other employees is a bridge too far.

For several other workers, Plaintiff provides detailed information concerning the employee's name, background, appearance, schedule, and approximate hours worked. *See, e.g.*, Chen Decl. ¶¶ 185–194.  For others, however, Plaintiff provides only generalized assertions of the employees' work schedules. *See, e.g.*, *id.* ¶ 234 ("Waitresses worked between three (3) to five (5) days at Lilli and Loo for between thirty (30) and fifty (50) hours."). Plaintiff purports to have dated information regarding the wages of a single non-delivery worker: Plaintiff alleges that, as of 2016, Defendants paid a dishwasher nicknamed "Ah Pen" (Plaintiff does not know his real name) between $2,300 to $2,500 per month. *See id.* ¶¶ 207, 210.  Plaintiff's purported basis of knowledge is that another delivery worker informed him that "deliverymen have it good" because Defendants paid kitchen workers less, with Ah Pen allegedly the best compensated of the bunch. *Id.* ¶¶ 208–211. Plaintiff's sole allegation concerning any employee's pay (other than deliverymen) is, thus, based entirely on speculative hearsay that comes closer to workplace gossip than reliable firsthand information.

Even if the Court were to credit Plaintiff's assertions concerning Ah Pen, the Court has no reason to believe that he and other kitchen workers were subject to the same wage practices as tipped deliverymen. Plaintiff provides little information concerning the manner in which he was paid, but from the information he does provide, it appears that deliverymen were compensated on an hourly basis. *See id.* ¶¶ 55–57 (claiming that Plaintiff was "never informed of [his] hourly pay rate" and that "the total sum of the paystub hours" on his paycheck "often f[e]ll[] short of the punch in hours"); SAC ¶¶ 49–52 (alleging that Plaintiff was promised a certain hourly rate but

9

was paid a different, lesser hourly rate); *but see id.* ¶¶ 62, 82, 92, 102, 112, 122, 132, 142, 152, 162, 172, 182, 192, 202, 212, 222 (alleging that Plaintiff was "paid a flat compensation" at a certain weekly rate).[6] But, as reported to Plaintiff by another deliveryman, Ah Pen, and by extension other kitchen workers, were compensated at a flat, monthly rate, providing the Court no basis to conclude that all employees were subject to the same wage practices. The internal inconsistencies in Plaintiff's allegations concerning his own and others' compensation further support the Court's conclusion that it may not extrapolate from those allegations to certify a collective including any employees other than deliverymen.

For all other workers, Plaintiff provides no information concerning Defendants' compensation practices; he offers neither information about *how* other employees are paid nor *how much* other employees are paid, nor does he claim to know whether other employees' wage rates differ based on the number of hours worked. Plaintiff similarly does not purport to know whether Defendants asked employees, other than deliverymen, to provide multiple Social Security numbers, a seemingly critical component of the unlawful employment practice that allegedly applies to deliverymen. While Plaintiff's burden is minimal at this stage, he must provide *some* basis for the Court to conclude that Defendants subjected other employees to the same illegal policy or practice. Here, Plaintiff has failed to demonstrate that employees other than deliverymen were even paid in the same manner as him, let alone that they were subject to the same illegal wage practices. Generalized allegations of violations of minimum wage and overtime provisions are insufficient to warrant certifying a collective of all non-exempt employees. *See Huertero-Morales v. Raguboy Corp.*, No. 17-CV-2429, 2017 WL 4046337, at

---

[6] It appears clear that Plaintiff copied and pasted material without due care in paragraphs 53 to 222 in the SAC, as it is only in paragraphs ending in the number 2 in that paragraph range in which Plaintiff asserts that he was paid a "flat compensation." Plaintiff's counsel is urged to take greater care when preparing Complaints to be filed in this Court.

10

\*3 (S.D.N.Y. Sept. 12, 2017) (denying conditional certification where "plaintiff ma[de] nothing more than general and conclusory assertions that other employees were similarly situated with respect to a common policy or practice"). Absent reliable evidence of a common policy or practice extending to all non-exempt employees at the restaurants, the Court cannot include these employees in the conditionally certified collective. *See, e.g.*, *Reyes v. Picnic Basket, Inc.*, No. 18-CV-140, Dkt. 39, at 3–4 (S.D.N.Y. May 22, 2018); *Yang v. Asia Mkt. Corp.*, No. 17-CV-6886, 2018 WL 2227607, at \*2 (S.D.N.Y. Apr. 3, 2018).

For all these reasons, Plaintiff's motion for a conditional collective is granted only as to deliverymen who worked at Lili's 57 any time during the period beginning three years prior to the filing of the Complaint and continuing until the present and deliverymen who worked at Lilli and Loo at any point subsequent to May 13, 2019.[7]

### B. The Application for Discovery of Potential Plaintiffs' Contact Information Is Granted in Part

Having concluded that it is appropriate to conditionally certify a collective, the Court orders Defendants to provide to Plaintiff's counsel contact information (including names, addresses, email addresses, and telephone numbers) and dates of employment for all potential members of the collective. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." (quoting *Martin v. Sprint/United*

---

[7] The parties agree that, because a Chapter 11 bankruptcy plan was confirmed as to Defendant 792 Restaurant Food Corp. (Lilli and Loo) on May 13, 2019, all claims brought by Plaintiff or potential opt-in plaintiffs against Lilli and Loo arising prior to May 13, 2019, have been discharged. *See* Defs. Mem. at 13; Pl. Reply at 6. Therefore, while the Court conditionally certifies a collective that includes deliverymen who may have worked only at Lilli and Loo, they must have been employed for some period after May 13, 2019, in order to opt in to the collective, and any putative plaintiff's claim for work at that restaurant will be limited to claims that accrued after May 13, 2019.

*Mgmt. Co.*, No. 15-CV-5237, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016))).  Defendants object to the timeframe within which they must provide the information to Plaintiff, and they object that Plaintiff's request for contact information is overbroad.  *See* Defs. Mem. at 13–14, Dkt. 61.  The Court need not resolve Defendants' objections to Plaintiff's request for production of potential plaintiffs' contact information at this time.  The parties must meet and confer to identify contact information within Defendants' possession that they can reasonably provide and to determine a reasonable timeframe within which Defendants can produce this information to Plaintiff.

### C.   Some Aspects of the Proposed Notice Must Be Modified

"The form of notice and its details are left to the broad discretion of this Court."  *Ramos v. Platt*, No. 13-CV-8957, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).  The Court finds that some revisions must be made to Plaintiff's proposed notice.

First, the Court orders that the notice be directed only to deliverymen who worked at Lili's 57 during the three-year period prior to the filing of this action and deliverymen who worked at Lilli and Loo after May 13, 2019.  References to Baumgart's Café must be removed.  Second, question 8 of the proposed notice must make more explicit that potential opt-in plaintiffs have the right and opportunity to retain counsel other than Troy Law.  *See* Proposed Notice of Pendency, Dkt. 54-2.

Defendants raise a number of objections to Plaintiff's proposed notice.  Defendants object to the inclusion of information regarding protection from retaliation should an employee opt in to the collective.  *See* Defs. Mem. at 13.  This objection is overruled.  Defendants offer no support for their position, and "courts regularly include anti-retaliation provisions in these notices even where plaintiffs raise no specific allegations of retaliation."  *Hernandez v. Immortal*

12

*Rise, Inc.*, No. 11-CV-4360, 2012 WL 4369746, at *9 (E.D.N.Y. Sept. 24, 2012). Similarly, Defendants' objection to informing potential opt-ins that immigration status is irrelevant to collective eligibility is also overruled. *See Colon v. Major Perry St. Corp.*, 987 F. Supp. 2d 451, 464 (S.D.N.Y. 2013) (permitting inclusion of statement making clear that potential plaintiffs may opt in regardless of immigration status).

Defendants object to Plaintiff's request that they be ordered to post the proposed notice at both restaurants. *See* Defs. Mem. at 14. The Court agrees with Defendants that "[t]his adds little marginal value to sending the notice to employees and former employees electronically and via mail. Requiring Defendants to post the notice on their premises would burden their business with unnecessary publicity of a lawsuit against them." *Canelas v. Frank & Nino's Pizza Corp.*, No. 19-CV-6105, 2020 U.S. Dist. LEXIS 82980, *9 (S.D.N.Y. May 11, 2020). Defendants' objection is, therefore, sustained.

Defendants request that consent forms be made returnable to the Clerk of Court, not to Plaintiff's counsel. *See* Defs. Mem. at 13. Defendants' request is denied, as this practice is inefficient. *See Leonardo v. ASC, Inc.*, No. 18-CV-3657, 2018 WL 5981996, at *4 (S.D.N.Y. Nov. 14, 2018) ("Courts in this District routinely allow consent forms to be returned to plaintiff's counsel when, as here, the notice explicitly informs prospective plaintiffs that they may retain their own counsel.").

The balance of Defendants' objections to the proposed notice and the manner of dissemination need not be resolved at this time. Among others, Defendants object to disseminating notice by text message, social media message, chats, or posts, and object to Plaintiff's counsel establishing a website at which potential opt-ins may submit consent forms and obtain additional information. *See* Defs. Mem. at 14–15. The parties must try to resolve

13

these issues on their own, considering what manner of dissemination is reasonable to accommodate pandemic-related issues given the workforce at issue.

Finally, Defendants object to Plaintiff's request for equitable tolling of the statute of limitations during the notice period. *See id.* at 14. In light of the fact that this Court ordered the statute of limitations for potential opt-in plaintiffs tolled as of December 6, 2019, Defendants' objection is overruled. *See* Dkt. 33.

No later than **February 10, 2021**, the parties must meet and confer and jointly submit a revised proposed notice and consent form. The parties must also submit a letter outlining any remaining points of disagreement and stating whether the notice needs to be translated into languages other than English. If the parties disagree on any particular provisions, the submission must quote each party's preferred language.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for conditional certification of a collective is GRANTED in part. The Court conditionally certifies a collective of deliverymen who worked at Lili's 57 at any time after August 15, 2016, and at Lilli and Loo at any time after May 13, 2019. Defendants are ordered to provide to Plaintiff's counsel contact information (including names, addresses, email addresses, and telephone numbers) and dates of employment for all potential members of the collective within a reasonable time. The proposed notice and consent form must be modified consistent with this Order, and the parties must confer on any remaining objections to the form, opt-in period, or means of distribution of the notice.

No later than **February 10, 2021**, the parties must jointly submit a revised proposed notice and a letter outlining any remaining points of disagreement. If the notice needs to be translated into a language other than English, the submission must indicate whether the parties

have agreed on a proposed translation of the notice.  The parties must also propose a date on a Friday – assuming they have agreed upon an opt-in period – for a conference with this Court after the close of the opt-in period to set a discovery schedule, as the stay on formal discovery in this case remains in place.

The Clerk is respectfully directed to close the open motion at Dkt. 53.

**SO ORDERED.**

**Date:  January 14, 2021**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**