```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHANG YAN CHEN, *on his own behalf and on behalf of others similarly situated*,

                                  Plaintiff,

-against-

LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar; 792 RESTAURANT FOOD CORP. d/b/a Lilli and Loo; ALAN PHILLIPS; JONAH PHILLIPS; THEAN CHOO CHONG a/k/a Alfred Chong; SIEW MOY LOW a/k/a Maggie Low; EPHAN "DOE"; and "MIGI" DOE

                                  Defendants.
-------------------------------------------------------------- X

19-CV-7654 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

On October 7, 2021, three of the Defendants (the "Debtor Defendants") in this case filed a petition for bankruptcy, resulting in an automatic stay of this case as against them. Suggestion of Bankruptcy, Dkt. 91; 11 U.S.C.A. § 362(a). The remaining Defendants (the "Non-Debtor Defendants") subsequently moved to extend the automatic stay to them. Not. of Mot., Dkt. 95. Plaintiffs oppose the motion. Pls. Opp., Dkt. 99. For the following reasons, the Non-Debtor Defendants' motion is GRANTED, and the entire case is STAYED pending the termination of the bankruptcy proceeding against the Debtor Defendants.

## BACKGROUND

Between July 2014 and June 2019, Plaintiff Chang Yan Chen worked as a deliveryman for two restaurants in New York City, Lilis 200 West 57th Corp. ("Lili's 57") and 792 Restaurant Food Corp. ("Lilli and Loo"), both of which are now closed. Second Am. Compl. ("SAC") ¶ 7, 40, Dkt. 52; Defs. Mem. at 2, Dkt. 97. Among other things, Chen alleges that

1

Defendants had a policy and practice of not paying employees in full for some or all of the hours they worked, as well as not paying time-and-a-half for all hours worked in excess of 40 in a workweek. *See* SAC ¶¶ 243–246, 255–262. Plaintiff commenced this action on August 15, 2019. *See* Dkt. 1. The Court granted a motion for conditional collective action certification in January 2021, resulting in the addition of opt-in Plaintiff Pei Qin Li. Order, Dkt. 69; Consent to Join, Dkt. 72.

On October 7, 2021, the two corporate Defendants and Siew Moy Low, a 50 percent shareholder of each corporate Defendant, filed bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of New York, resulting in an automatic stay of this case as against those Defendants. Androphy Decl., Exs. C–E, Dkt. 96; 11 U.S.C.A. § 362(a). The remaining Defendants, the other 50-percent shareholder, Alan Phillips, and former restaurant higher-ups Thean Choo Chong and Jonah Phillips, moved on October 22, 2021, to extend the stay to the entire case. Not. of Mot., Dkt. 95.

## DISCUSSION

### I. Legal Standard

"It is well-established that stays pursuant to [11 U.S.C.A.] § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (internal quotation marks omitted). Non-Debtor Defendants can claim the protection of Debtor Defendants' stay "only in 'unusual circumstances.'" *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (citation omitted). Such circumstances generally arise "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," such as for actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Queenie, Ltd.*,

321 F.3d at 287 (internal quotation marks omitted). Situations in which the debtor would have to divert significant resources in response to the litigation or where refraining from extending the stay would threaten the debtors' reorganization efforts constitute unusual circumstances that warrant extending the stay beyond the debtor. *Santa Rosa Mall, LLC v. Sears Holdings Corp.*, 20-CV-03923, 2021 WL 4429507, at *6 (Sept. 27, 2021) (citation omitted); *Mardice v. Ebony Media Operations, LLC et al.*, 19-CV-8910, 2021 WL 146358, at *4 (S.D.N.Y. Jan. 15, 2021) (citation omitted). Generally, the stay should not be extended in situations in which "a codefendant is independently liable." *Thomson Kernaghan & Co. v. Glob. Intellicom, Inc.,* No. 99-CV-3005, 2000 WL 640653, at *15 (S.D.N.Y. May 17, 2000) (citation omitted).

## II. Extending the Stay To Non-Debtor Defendants is Appropriate

The Non-Debtor Defendants argue that the facts of this litigation support the extension of the automatic stay because "[a]ll discovery in connection with the merits of Plaintiffs' claims . . . will be of the Debtors." Defs. Mem. at 5–6. This includes discovery related to payroll records, time records, and other documentary evidence typically sought in wage and hour litigation. *Id.* at 6. Non-Debtor Defendant Alan Phillips is a 50 percent shareholder of both corporate Debtor Defendants; Non-Debtor Defendants Thean Choo Chong and Jonah Phillips purportedly have no involvement in the employment operations of the restaurants. *Id.* (citing Androphy Decl., Ex. B Responses 3, 9, 10, 11, 18, Dkt. 96).

Plaintiffs counter that each of the Non-Debtor Defendants is independently liable, and valiantly attempt to flip the fact that Thean Choo Chong and Jonah Phillips allege to have had no involvement in employment operations to support their argument that those Non-Debtor Defendants have sufficient distance from the Debtor Defendants that extending the stay to them would not be warranted. Pls. Opp. at 4. The Court is persuaded that the continuation of

discovery as to these Defendants, regardless of their distance from the Debtor Defendants, would be impeded by the unavailability of the Debtor Defendants or would otherwise threaten the Debtor Defendants' reorganization efforts; any trial of the Non-Debtor Defendants would necessarily involve records of the Debtor Defendants, which were Plaintiffs' employers.[1] Contrary to Plaintiffs' specious argument that "a stay . . . would serve no purpose," Troy Decl. ¶ 5, Dkt. 100, the fact that the Non-Debtor Defendants assert that they had nothing to do with the operations of the Debtor Defendants means that discovery of the Debtor Defendants' records will be essential in order for the Non-Debtor Defendants to mount a defense. Because requiring the Non-Debtor Defendants to supply such records would "have an immediate adverse economic consequence" for two corporate entities and an individual part-owner of those entities currently pursuing bankruptcy proceedings, *Queenie, Ltd.*, 321 F.3d at 287, an extension of the stay is appropriate.

Similarly, although as a 50 percent shareholder of both restaurants Non-Debtor Defendant Alan Phillips is perhaps better positioned to respond to certain discovery requests, allowing discovery to proceed against him would also "have an immediate adverse economic consequence for the debtor's estate," as it would also require discovery of documents, records, and depositions related to all Debtor Defendants that are in the possession of the corporate Defendants. *Id.*

---

[1]      While Plaintiffs urge the Court not to accept the Non-Debtor Defendants' suggestion that they are not privy to the relevant records at face-value, they cite only to their own First Amended Complaint ("FAC") in support of that proposition. Pls. Opp. at 4 (citing FAC ¶¶ 17, 19, 21, Dkt. 10). Based on the interrogatories and the baseline logic that the corporate Defendants for which the Plaintiffs and individual Defendants worked would possess the records relevant to a labor dispute, the Court is persuaded that discovery would require production from at least the corporate Debtor Defendants. Defs. Reply at 2, Dkt. 101.

## CONCLUSION

For the foregoing reasons, the motion to stay is GRANTED, and this case is STAYED in its entirety pending an update from the bankruptcy proceedings against the Debtor Defendants. The Debtor Defendants are directed to update the Court on the status of the bankruptcy proceedings every three months on the first of that month, or, if the first of that month is a weekend or holiday, on the first business day thereafter.  The first report is due March 1, 2022. The Clerk of Court is respectfully directed to close the open motion at Docket 95.

**SO ORDERED.**

**Date:  December 2, 2021**          _____
      **New York, NY**          **VALERIE CAPRONI**
                **United States District Judge**