USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/07/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHANG YAN CHEN, *on his own behalf and on behalf of others similarly situated*,

                                Plaintiff,

                         -against-

LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar; 792 RESTAURANT FOOD CORP. d/b/a Lilli and Loo; ALAN PHILLIPS; JONAH PHILLIPS; THEAN CHOO CHONG a/k/a Alfred Chong; SIEW MOY LOW a/k/a Maggie Low; STEW M. LOW; EPHAN "DOE"; and "MIGI" DOE,

                                Defendants.
-------------------------------------------------------------- X

19-CV-7654 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

        Plaintiff Chang Yan Chen ("Chen"), individually and on behalf of other employees similarly situated, brings claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (the "NYLL"). Chen, a restaurant deliveryman, contends that his employers failed to pay him statutorily-required minimum wage and overtime premium and violated the recordkeeping requirements of the NYLL. Defendants have moved for partial summary judgment as to all claims by opt-in Plaintiff Pei Qin Li ("Li") and all claims against Defendants Alan Phillips ("A. Phillips"), Jonah Phillips ("J. Phillips"), and Thean Chou Chong ("Chong"), and to dismiss claims for violations of the NYLL's recordkeeping requirements for lack of standing. *See* Defs. Not. of Mot., Dkt. 130. For the following reasons, Defendants' motion is GRANTED.

1

# BACKGROUND[1]

Between July 2014 and June 2019, Chen worked as a deliveryman for two restaurants (the "Restaurants") in New York City: Defendant Lilis 200 West 57th Corp. ("Lili's 57") and Defendant 792 Restaurant Food Corp. ("Lilli and Loo"). Defs. Rule 56.1 Stmt., Dkt. 134, ¶¶ 5–6.[2] Chen alleges that Defendants violated the FLSA and the NYLL by, *inter alia*, failing to pay statutorily-required wages and failing to provide weekly pay statements. *See generally* Second Am. Compl., Dkt. 52.

Opt-in Plaintiff Li occasionally substituted for a friend who worked at Lili's 57. Defs. Rule 56.1 Stmt. ¶ 9 (citing Li Deposition Tr., Dkt. 135-7, at 19:8–23, 20:4–15).[3] The parties dispute when Li worked at Lili's 57. Defendants rely on Li's statement during his deposition that he last worked at Lili's 57 sometime in 2016. *Id.* ¶ 10 (citing Li Deposition Tr. 40:10–18). Plaintiff concedes Li testified that he last worked there in 2016 but asserts that, in fact, he worked at Lili's 57 "into December 2018;" Plaintiff bases his position on Li's interrogatory responses, Defendants' collective list, and Li's work records. Pl. Rule 56.1 Counterstmt., Dkt. 135-24, ¶ 10 (citing Li Interrogatory Responses, Dkt. 135-8, ¶¶ 10–11, 16; Defendants' Collective List, Dkt. 135-10; Li Pay Stubs, Dkt. 135-9).

---

[1] All facts described herein are undisputed unless otherwise stated. As discussed *infra* notes 3–6, in some instances Plaintiff purports to dispute facts set forth in Defendants' Local Civil Rule 56.1 Statement even though his purported objections are not responsive to Defendants' asserted facts. In those instances, the Court considers the facts set forth by Defendants to be undisputed.

[2] Chen worked for Lilli and Loo from July 24, 2014 to August 24, 2014, and from April 2016 until May 2019. *See* Defs. Rule 56.1 Stmt., Dkt. 134, ¶ 6. Chen worked for Lili's 57 from April 2018 until the end of 2018. *Id.*

[3] Plaintiff denies paragraph 9 of Defendants' Rule 56.1 Statement, but in response he cites only facts regarding *when* Li worked for Lili's 57, not facts regarding the frequency or nature of Li's employment relationship with Lili's 57. *See* Pl. Rule 56.1 Counterstmt., Dkt. 135-24, ¶ 9. The Court therefore does not consider that paragraph to be disputed for the purposes of this decision.

A. Phillips was a part-owner of Lili's 57 and Lilli and Loo. Defs. Rule 56.1 Stmt. ¶ 11. The parties dispute the extent to which A. Phillips was involved in the operation of the Restaurants. Defendants assert that A. Phillips "had no involvement in operating" the Restaurants and "no responsibility" for them, as he was solely an investor without the power to hire or fire employees, set employee pay, set employee work schedules, or discipline employees. *Id.* ¶ 11 (citing Low Deposition Tr., Dkt. 133-5, at 61:12–25; 62:1–5; 65:20–66:3; Chong Deposition Tr., Dkt. 135-14, at 50:7–51:3, 52:2–4; A. Phillips Deposition Tr., Dkt. 135-17, at 59:9–60:6, 60:20–23). Defendants also assert that A. Phillips visited the Restaurants "very rarely" and "would not direct employees or do anything other than say hello, use the bathroom and maybe get food or a bottle of water when he was there." *Id.* ¶ 13.[4] Plaintiff denies Defendants' characterization of A. Phillips's involvement with the Restaurants because he visited the Restaurants "every few months to see how business was doing[,]" signed employee paychecks at Lili's 57 "from time to time," helped negotiate leases for the Restaurants, and "was actively involved in the business" until he was sued. Pl. Rule 56.1 Counterstmt. ¶ 11 (citing Chong Deposition Tr. 50:5–14, 86:11–18; Low Deposition Tr. 60:17–61:3; Chen Deposition Tr. 18:8–18, 58:12–59:6; A. Phillips Deposition Tr. 32:17– 24; 36:21–37:4; 41:15–42:9; 45:16–46:8).

---

[4] A. Phillips did not discuss employee pay or schedules with Siew Moy Low ("Low"), who managed and operated the Restaurants. Defs. Rule 56.1 Stmt. ¶ 12 (citing Low Deposition Tr., Dkt. 133-5, at 66:22–67:3). Plaintiff denies paragraph 12 of Defendants' Rule 56.1 Statement but in response cites only general facts regarding the extent of A. Phillips's involvement in the Restaurants, none specifically directed to whether he discussed employee pay or schedules with Low. *See* Pl. Rule 56.1 Counterstmt. ¶ 12. The Court therefore does not consider this paragraph to be disputed for the purposes of this decision.

J. Phillips does not have an ownership interest in either Restaurant, had no position or role at the Restaurants, and visited Lilli and Loo only a few times. Defs. Rule 56.1 Stmt. ¶¶ 14–16.[5]

Chong was a manager at Lili's 57 until October 2017 when he began working full time at a different restaurant. *Id.* ¶ 17.[6]

On August 15, 2019, Chen filed this action alleging, *inter alia*, violations of the FLSA and the NYLL. *See* Compl., Dkt. 1. After Plaintiff twice amended his Complaint, the Court granted Defendants' motion to dismiss certain claims and one Defendant. *See* Opinion & Order, Dkt. 67.[7] On January 14, 2021, the Court conditionally certified an FLSA collective of deliverymen who worked at Lili's 57 any time after August 15, 2016, and at Lilli and Loo any time after May 13, 2019. *See* Opinion & Order, Dkt. 69. Li was the only person who opted in. *See* Li Consent Form, Dkt. 72. Defendants moved for partial summary judgment on September 9, 2022. *See* Not. of Mot.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "A genuine

---

[5] Plaintiff denies paragraph 15 of Defendants' Rule 56.1 Statement but states in response only that J. Phillips visited Lilli and Loo "every few months to see how the business was doing[,]" not that he had a position or role at either of the Restaurants. *See* Pl. Rule 56.1 Counterstmt. ¶ 15. The Court therefore does not consider this paragraph to be disputed for the purposes of this decision.

[6] Plaintiff denies paragraph 17 of Defendants' Rule 56.1 Statement, but he states in response only that Chong visited Lili's 57 after October 2017 to pick up his wife. *See* Pl. Rule 56.1 Counterstmt. ¶ 17. The Court therefore does not consider this paragraph to be disputed for the purposes of this decision. Plaintiff also asserts that Chong worked at Lili's 57 when Plaintiff Chen worked for Lili and Loo and when opt-in Plaintiff Li worked at Lili's 57. *Id.*

[7] The Court dismissed Plaintiff's New Jersey State Wage and Hour Law claims and dismissed Baumgart's Next Door Inc. d/b/a Baumgart's Café from the case. *See generally* Opinion & Order, Dkt. 67.

dispute exists when the evidence is such that, if the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party." *SEC v. Sourlis*, 851 F.3d 139, 144 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is appropriate when there can be but one reasonable conclusion as to the verdict, . . . *i.e.*, it is quite clear what the truth is, . . . and no rational factfinder could find in favor of the nonmovant." *Id.* (citations and internal quotation marks omitted).

### I. Defendants are Entitled to Summary Judgment on Li's FLSA Claims Because They Are Time-Barred

Defendants are entitled to summary judgment on Li's FLSA claims because they are time-barred. Plaintiff has failed to establish a triable question of fact whether Defendants willfully violated the FLSA or whether Li worked for Defendants after December 6, 2017.

#### A. Legal Standard

The statute of limitations for FLSA claims is two years unless the violation is willful, in which case it is three years. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (citing 29 U.S.C. § 255(a)).

An employer willfully violates the FLSA if it knows or acts with reckless disregard as to whether its conduct is prohibited by the FLSA. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (citation omitted). "Mere negligence is insufficient." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). The plaintiff has the burden of proving willfulness. *Id.* (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999)).

FLSA claims accrue on the payday after the last pay period for which the plaintiff was not lawfully paid. *See Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006)

5

(citation omitted); 29 C.F.R. § 790.21(b).  For opt-in plaintiffs like Li, the statute of limitations is measured from the date the opt-in plaintiff joined the lawsuit.  *See Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 660 (S.D.N.Y. 2017); 29 U.S.C. § 256(b).

### B. Application

The Court tolled the statute of limitations for potential opt-in plaintiffs as of December 6, 2019, *see* Order, Dkt. 33, and Li filed his notice of consent to join this lawsuit on May 7, 2021,[8] *see* Li Consent Form.

Because Plaintiff does not raise any tolling arguments, Li's FLSA claims are only timely if he worked for Defendants after December 6, 2017; or if he worked for Defendants after December 6, 2016 and Defendants' violation of the FLSA was willful.

Although Plaintiff alleges in the Second Amended Complaint that Defendants acted willfully, Plaintiff has not presented any evidence or argument to support that allegation beyond evidence that tends to show Defendants violated the FLSA, and Plaintiff does not address willfulness in his opposition brief at all.

Courts in this Circuit "have generally left the question of willfulness to the trier of fact" rather than resolving the issue at summary judgment.  *Foster v. City of New York*, No. 14-CV-4142 (PGG), 2017 WL 11591568, at *40 (S.D.N.Y. Sept. 30, 2017) (internal quotation marks and citations omitted).  It is well established, however, that a party "cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint. . . ." *Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (summary order); *see also McKenna*

---

[8]   Plaintiff asserts, without justification, that March 20, 2018 would be "three years before [Li] filed his opt-in notice."  Pl. Mem., Dkt. 136, at 1.  Li appears to have signed his opt-in notice on March 20, 2021, *see* Li Consent Form, Dkt. 72, but the FLSA statute specifies that the statute of limitations for opt-in plaintiffs is measured from the day on which their written consent is filed, not the day on which their written consent to become a plaintiff is signed, *see* 29 U.S.C. § 256(b).

*v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). In this case, Plaintiff has made no effort to satisfy his burden to demonstrate a question of fact on willfulness.

Because Plaintiff has failed to establish a triable issue of fact with respect to willfulness, Li's FLSA claims are time-barred unless he was employed by Defendants after December 6, 2017. Li testified several times at his deposition that he last worked at Lili's 57 at some point in 2016. *See* Li Deposition Tr. 22:17–20; 40:2–18; 52:15–21. Although his interrogatory responses state that he worked at Lili's 57 "into December 2018," Li Interrogatory Responses ¶¶ 10–11, Li conceded during his deposition that those interrogatory responses were incorrect, that he had not understood that the responses were for a court proceeding, and that he had not paid enough attention to his responses when providing them to counsel, *see* Li Deposition Tr. 52:15–20; 59:3–7; *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2453 (JMF), 2021 WL 5331709, at *1 n.2 (S.D.N.Y. Nov. 16, 2021) (relying on a plaintiff's deposition testimony rather than her contrary interrogatory response at summary judgment); *Gleason v. Marriot Hotel Servs., Inc.*, No. 11-CV-6295 (CM), 2013 WL 4573905, at *3 (S.D.N.Y. Aug. 26, 2013) (concluding that a plaintiff's interrogatory response, "while sworn, [was] contradicted by [the] plaintiff's deposition testimony, and so [did] not suffice to create a genuine issue" of fact); *cf. Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) ("[A] party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony.") (citation omitted); *Perma Research & Dev. Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir. 1969) ("The deposition of a witness will usually be more reliable than his affidavit . . . .").

Because Li has not created a question of fact whether his FLSA claims are timely, Defendants' motion for summary judgment on his FLSA claims is granted.[9]

## II. There is No Question of Fact that A. Phillips, J. Phillips, and Chong Were Never Chen's Employer

Defendants' motion for summary judgment on all claims against A. Phillips, J. Phillips, and Chong is granted; Plaintiff has not established that there is a question of fact that any was ever his employer.

### A. Legal Standard

An "employer" under the FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An individual may be held personally liable as an employer if he possesses "control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). The definition of "employer" under the NYLL is coextensive with the definition of

---

[9] Plaintiff's argument that "Defendants' records and collective list" establish that Li's claims are timely is unpersuasive. *See* Pl. Mem. at 8–9. Although Li's pay stubs reflect that he was paid for work through July 21, 2017, *see* Li Work Record, Dkt. 135-9, FLSA claims for work during that time are untimely because Plaintiff failed to establish a question of fact with regard to willfulness. In any event, Li testified at his deposition that the pay stubs were issued so that another employee's pay could be split for tax purposes, not because Li actually performed work during that time. *See* Li Deposition Tr. 64:3–66:3; 67:10–68:7. Defendants' list of potential collective members does not create a question of fact given Li's sworn testimony that he stopped working at Lili's 57 in 2016.

The applicable statute of limitations under the NYLL is six years, *see* NYLL § 663(3), so Li may have timely NYLL claims. If he has such claims, they are not part of this lawsuit and will need to be pursued through a separate state court lawsuit. Li was not added as a named Plaintiff in this case, and his consent to join was limited to his FLSA claims. *See* Li Consent Form (consenting to join this lawsuit "in order to seek redress for violations of the [FLSA]"); *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12-CV-8450 (JMF), 2014 WL 7106442, at *1 (S.D.N.Y. Dec. 9, 2014) (finding "no basis" to conclude that opt-in plaintiffs had joined the named plaintiff in bringing NYLL claims because the consent-to-join form solely referenced FLSA claims).

Although Li's Consent Form was filed on May 7, 2021, and is dated March 20, 2021, *see* Dkt. 72, in the opposition to the motion for summary judgment, Plaintiff's counsel submitted a declaration with a number of exhibits, one of which was identified as "Pei Qin Li's consent to become a party plaintiff." Troy Decl., Dkt. 135. The attached document is undated and is not the document Plaintiff's counsel filed on May 7, 2021. *Compare* Li Consent Form, Dkt. 72, *with* Purported Li Consent Form, Dkt. 135-6. Plaintiff's counsel will be ordered to show cause why the Court should not impose sanctions given this apparent misconduct.

"employer" under the FLSA. *See Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015). Courts assess the totality of circumstances by considering, under the "economic reality" test, whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104–05 (quoting *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)).

### B. Plaintiff Has Not Created a Question of Fact Whether A. Phillips Was An "Employer"

Plaintiff cannot maintain this case against A. Phillips because there is no triable question of fact whether A. Phillips supervised or controlled Plaintiff or maintained records regarding Plaintiff's employment. Although A. Phillips was a part-owner of the Restaurants and visited them periodically, he did not have the power to hire or fire employees, set employee pay, set employee work schedules, or discipline employees. *See* Defs. Rule 56.1 Stmt. ¶¶ 11, 13. Courts have routinely held that company investors or founders with similarly limited day-to-day involvement in the company's operations are not personally liable for the company's FLSA violations. *See, e.g.*, *Wing Chan v. Xifu Food, Inc.*, No. 18-CV-5445 (ARR) (RML), 2020 WL 5027861, at *5 (E.D.N.Y. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 5027147 (E.D.N.Y. Aug. 25, 2020) (concluding that an individual known by a store employee as "the boss" who had an ownership interest in the store and who was only present at the store "occasionally" to deliver ingredients and materials was not an "employer" under the FLSA); *Garcia v. Vill. Red Rest. Corp.*, No. 15-CV-6292 (JCF), 2017 WL 1906861, at *4–5 (S.D.N.Y. May 8, 2017) (concluding that a restaurant's sole shareholder was not an "employer" under the FLSA because she "did not influence the employees' wages, work hours, or conditions," nor

"affect who was hired or fired" even though she technically had the authority to do so and had given a manager authority to use a stamp with her signature); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 309–10 (S.D.N.Y. 2011) (concluding that the sole owner of a restaurant who visited the restaurant once a week, received "reports" regarding the restaurant's status, and who made "recommendations" regarding hiring was not an "employer" under the FLSA because she had no binding authority to hire or fire employees, control their work schedules, or determine their compensation, and did not maintain employment records); *cf. Irizzary*, 722 F.3d at 111 ("Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without some involvement in the company's employment of the employees.").

Plaintiff urges the Court to conclude otherwise because A. Phillips occasionally signed employee paychecks at Lili's 57, helped negotiate leases for the Restaurants, and only left the restaurant business after he was sued. *See* Pl. Mem., Dkt. 136, at 12–13; Pl. Rule 56.1 Counterstmt. ¶ 11. But absent other evidence of control, occasionally signing paychecks is not enough to trigger individual liability. *See Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 463–65 (S.D.N.Y. 2015) (concluding that the majority shareholder of a restaurant who "sometimes" gave bussers directions, who typically visited the restaurant every day it was open, who was considered a "boss" by plaintiffs, and who signed employee paychecks was not an "employer" under the FLSA in part because the authority to sign paychecks was "not dispositive"); *Allende v. PS Brother Gourmet, Inc.*, No. 11-CV-5427 (AJN) (KNF), 2013 WL 11327098, at *4 (S.D.N.Y. Feb. 1, 2013) (concluding that an individual who "occasional[ly]" paid employees was not an "employer" under the FLSA). Moreover, an owner's general involvement in managing the business, such as by negotiating its leases or supervising its

operation, has nothing to do with a plaintiff's employment, and therefore does not bear on whether the business owner is an "employer" under the FLSA. *See Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18-CV-7342 (JGK), 2022 WL 596831, at *5 (S.D.N.Y. Feb. 25, 2022) (concluding that the owner and founder of a restaurant who "did not exercise day-to-day supervision over delivery personnel and was not involved in scheduling or hiring/firing decisions" was not an "employer" under the FLSA even though he "made certain high-level corporate level decisions that were remote from the day-to-day conditions of the plaintiffs' employment"); *Ocampo v. 455 Hosp. LLC*, No. 14-CV-9614 (KMK), 2021 WL 4267388, at *8 (S.D.N.Y. Sept. 20, 2021) (concluding that an executive's "involvement in other aspects" of the business that were "completely separate and apart from [p]laintiffs' employment" did not render the executive an employer under the FLSA); *Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), 2016 WL 4581341, at *3, *8 (S.D.N.Y. Sept. 1, 2016) (concluding that an individual who was "involved in the general management" of a restaurant, was a part owner who came to the restaurant daily, gave instructions to managers and supervised staff, and reviewed payroll records each week was not an "employer" under the FLSA because he did not hire and fire employees, set schedules or other conditions of employment, or have responsibility for maintaining employment records), *aff'd*, 906 F.3d 58 (2d Cir. 2018).

For all of those reasons, Defendants' motion for summary judgment as to A. Phillips is granted.

### C. Plaintiff Has Not Created a Question of Fact Whether J. Phillips Was An "Employer"

Defendants are entitled to summary judgment on Plaintiff's claims against J. Phillips because Plaintiff has not created a question of fact whether J. Phillips was an "employer." It is not disputed that J. Phillips, who is A. Phillips's son, had no ownership interest in the

11

Restaurants, had no position or power at either Restaurant, and only visited the Restaurants a few times. *See* Defs. Rule 56.1 Stmt. ¶¶ 15–16. Plaintiff falls woefully short of establishing any question of fact regarding whether J. Phillips was an employer. *See supra* Section II.B; *Chao v. Vidtape, Inc.*, 196 F. Supp. 2d 281, 291 (E.D.N.Y. 2002) (concluding that the father of a company's sole shareholder was not an "employer" under the FLSA because he was "never an owner, shareholder, or officer" of the company, did not set employee policies, and "did not hold an integral role" in the company's operations).

Accordingly, Defendants' motion for summary judgment as to J. Phillips is granted.

### D. Plaintiff Has Not Created a Question of Fact Whether Chong Was Plaintiff's Employer

There is no dispute that Chong ceased managing Lili's 57 about six months before Chen *began* working there and was, therefore, never Chen's "employer." *See* Defs. Rule 56.1 Stmt. ¶¶ 6, 17. Courts routinely dismiss FLSA claims against individual defendants whose terms as managers do not overlap with plaintiffs' terms as employees. *See Ding v. Mask Pot*, No. 20-CV-6076 (LDH), 2022 WL 4647847, at *4 (E.D.N.Y. Oct. 1, 2022) (dismissing FLSA and NYLL claims against an individual defendant in part because plaintiffs had "stopped working" at a restaurant by the time the individual defendant allegedly controlled employment conditions there); *Ramos v. Guaba Deli Grocery Corp.*, No. 20-CV-404 (PAE) (JLC), 2021 WL 5563714, at *6 (S.D.N.Y. Nov. 29, 2021) (dismissing FLSA and NYLL claims against an individual defendant in part because he did not exercise power over plaintiffs "during [p]laintiffs' period of employment"); *Gonzalez v. Master Health Food Serv. Inc.*, No. 14-CV-7603 (VEC), 2017 WL 3835960, at *14 (S.D.N.Y. July 27, 2017) (dismissing FLSA and NYLL claims against an individual defendant in part because his "involvement" at a restaurant ended "approximately"

when one plaintiff's employment began and "months before" another plaintiff's employment began).

Plaintiff maintains that Chong is not entitled to summary judgment because, at the time he was a manager at Lili's 57, Chen worked as a deliveryman for Lilli and Loo and transported supplies between the two Restaurants several times per week. *See* Pl. Mem. at 11–12. But the fact that Chen transported supplies between the Restaurants has no bearing on whether Chong had control over Chen. *See Irizzary*, 722 F.3d at 111 (noting that an "employer" under the FLSA must exercise "direct control over the plaintiff employees") (cleaned up and citation omitted).[10]

Plaintiff asserts in the statement of facts in his memorandum of law in opposition to Defendants' motion for summary judgment that the Restaurants were "so integrated" that employers who exercised control over employees at Lili's 57 also had authority over employees at Lilli and Loo. *See* Pl. Mem. at 2–3. That could be the case, but the only person Plaintiff identifies as exercising control over employees at both Restaurants is Chong's wife, Siew Moy Low. Pl. Rule 56.1 Counterstmt. ¶ 8. That is not helpful in creating a question of fact whether Chong had control over employees at both Restaurants.[11]

---

[10] Plaintiff also invokes opt-in Plaintiff Li's employment at Lili's 57, which overlapped with Chong's tenure there, as a reason not to dismiss Chong from this action. *See* Pl. Mem. at 12. But "the named plaintiff in an FLSA action" must have standing "as to his or her own individual claim . . . ." *Umbrino v. L.A.R.E Partners Network, Inc.*, 585 F. Supp. 3d 335, 364 (W.D.N.Y. 2022) (citing *Douglas v. Anthem Prods., LLC*, No. 18-CV-5789 (VEC), 2019 WL 78988, at *4 (S.D.N.Y. Jan. 2, 2019)). Because Chong was never Chen's employer, Chen does not have standing to sue him. *See United States v. Cambio Exacto*, 166 F.3d 522, 527 (2d Cir.1999) ("To demonstrate standing under Article III . . . a litigant must allege a distinct and palpable injury to himself, that is the direct result of the putatively illegal conduct of the [adverse party], and likely to be redressed by the requested relief.") (cleaned up); *Scott v. SSP Am., Inc.*, No. 09-CV-4399 (RRM) (VVP), 2011 WL 1204406, at *15 (E.D.N.Y. Mar. 29, 2011) (granting summary judgment as to all claims in a putative collective action because a named plaintiff's FLSA claims failed as a matter of law); *cf. Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS) (SIL), 2016 WL 7391997, at *5, *7 (E.D.N.Y. Dec. 21, 2016) (concluding that named plaintiffs had standing to sue certain defendants, even though they did not work for them, because the plaintiffs "successfully [pled] potential successor liability"). Moreover, Li is dismissed from this action for the reasons discussed *supra* Section I.

[11] Plaintiff may have been attempting to argue that the Restaurants operated as a single enterprise, and that employers at both Restaurants are therefore liable for each other's FLSA violations, notwithstanding the Court's previous decision that allegations in the Second Amended Complaint "simply do not rise to the level required to find multiple corporate entities liable as a single enterprise." Opinion & Order, Dkt. 67, at 11. Because Plaintiff, who is

For all of those reasons, Defendants' motion for summary judgment as to Chong is granted.

### III. Plaintiff Lacks Article III Standing to Bring Claims for Recordkeeping Violations of the NYLL

Plaintiff lacks Article III standing to bring claims for recordkeeping violations of the NYLL because he has not demonstrated any concrete, downstream consequences of Defendants' alleged misconduct that resulted in distinct harm. Accordingly, Plaintiff's NYLL recordkeeping claims are dismissed without prejudice.[12]

#### A. Legal Standard

Article III standing requires a plaintiff to show "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lacewell v. Office of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting *Lujan*, 504 U.S. at 560). Only plaintiffs who have been "*concretely harmed* by a defendant's statutory violation" have standing to sue the defendant in federal court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190,

---

represented by counsel who specializes in representing plaintiffs in wage and hour litigation, made no effort to marshal the facts developed during discovery that might show the existence of a single enterprise or to argue the legal requirements for the Court to find that a single enterprise exists or to argue the legal implications of there being a single enterprise on employer status, the Court does not address these issues.

[12]    It is not clear whether Plaintiff intended to oppose Defendants' motion in this regard. Although his memorandum in opposition to the motion argues that Chen and Li have standing, Pl. Mem. at 13–17, it also states: "Plaintiffs do not oppose dismissal of their recordkeeping claims as a cause of action," *id*. at 1. Regardless, because the basis for dismissal is lack of standing, the dismissal must be without prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing . . . that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice.") (citations omitted).

2205 (2021). Plaintiffs only have standing based on so-called "informational injury" if they establish "downstream consequences" from failing to receive information; they must show that they have an interest in using the information "beyond bringing [a] lawsuit." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022) (quoting *TransUnion*, 141 S. Ct. at 2214; *Laufer v. Looper*, 22 F.4th 871, 881 (10th Cir. 2022)).

### B. Application

Plaintiff lacks standing to bring claims for recordkeeping violations of the NYLL because he has not established a triable issue of fact as to any downstream consequences from failing to receive certain information regarding his wages as required by the NYLL.

Plaintiff alleges that Defendants' failure to keep weekly payroll records as required under New York law "facilitate[d]" their exploitation of Plaintiff's labor and caused Plaintiff to lose earnings. Second Am. Compl. ¶¶ 275–79. Plaintiff also brings claims under the NYLL, without alleging any ensuing damages, based on Defendants' alleged failure to provide written notice of pay rates and detailed paystub information. *Id.* ¶¶ 280–88.

In the wake of the Supreme Court's decision in *TransUnion*, courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation. Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence. *See, e.g.*, *Neor v. Acacia Network, Inc.*, No. 22-CV-4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (concluding that plaintiffs lacked standing to bring wage notice and statement claims under the NYLL because their complaint did not "allege any harm stemming from a lack of accurate wage notices or statements," and deeming plaintiffs' argument in their opposition memorandum that defendants' violations

"faciliat[ed]" their wrongdoing "not . . . plausible"); *Shi v. TL & CG Inc.*, No. 19-CV-8502 (SN), 2022 WL 2669156, at *9 (S.D.N.Y. July 11, 2022) (concluding that a plaintiff lacked standing to bring wage notice and statement claims under the NYLL because his allegations that defendants' lack of notice "facilitated" his underpayment stated only "hypothetical" harm); *Sevilla v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (concluding that plaintiffs lacked standing to bring wage notice and statement claims under the NYLL because there was no record of an associated "tangible injury"); *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) (same).[13]

Plaintiff asserts in his opposition memorandum that he was paid under different names to facilitate Defendants' "scheme," but does not explain how he was injured by this conduct beyond the injuries already encompassed by other claims in this lawsuit. *See* Pl. Mem. at 15. Plaintiff also asserts that Defendants' wage statements "reflected" that Chen was being underpaid, *id.* at 16, but far from establishing a distinct injury, discrepancies in Defendants' records would alert Plaintiff that he was not being paid correctly, *see Neor*, 2023 WL 1797267, at *4 (concluding that improper wage statements "would immediately alert the [p]laintiffs to the fact that they were not being properly compensated" rather than establishing a distinct injury). Plaintiff similarly argues that Defendants' wage statements "obscured" their improper retention of his tip credit, Pl. Mem. at 17, but does not present any evidence that would allow the Court to infer that he suffered distinct harm as a result of Defendants' failure to keep required records.

---

[13] Plaintiff asserts that courts have reached "different conclusions" regarding the extent to which plaintiffs have standing to bring recordkeeping claims under the NYLL in federal court, Pl. Mem. at 14 (internal quotation marks and citation omitted), but fails to recognize that courts have uniformly concluded that allegations akin to those in this case are insufficient following *TransUnion*, *see Neor v. Acacia Network, Inc.*, No. 22-CV-4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (acknowledging that "more recently decided cases" render contrary precedent "inapplicable"); *Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417 (JLS) (MJR), 2022 WL 5039391, at *22 n.6 (W.D.N.Y. Sept. 29, 2022), *report and recommendation adopted*, 2023 WL 1969370 (W.D.N.Y. Jan. 26, 2023) (noting that the Court "d[id] not rely on" district court decisions predating *TransUnion*).

For all of those reasons, Plaintiff's claims based on violations of NYLL recordkeeping requirements are dismissed for lack of standing.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is GRANTED as to opt-in Plaintiff Li's FLSA claims and all claims against Defendants A. Phillips, J. Phillips, and Chong, and Plaintiff's claims based on NYLL recordkeeping violations are DISMISSED without prejudice for lack of standing.

Not later than **Friday, March 17, 2023**, Plaintiff's counsel must show cause via sworn declaration filed on ECF why the Court should not sanction him for filing a false opt-in notice for Li.

Trial will commence in this case with jury selection and trial at **10:00 a.m. on Monday, May 8, 2023**. Any motion in limine must be filed not later than **Friday, March 24, 2023**; responses to motions in limine must be filed not later than **Wednesday, April 5, 2023**. The parties' Joint Pretrial Order, pre-marked trial exhibits, requests to charge, and proposed voir dire questions, prepared in accordance with Sections 8.D–F of the Undersigned's Local Rules of Civil Practice, must be filed not later than **Friday, April 7, 2023**. The Court will conduct a final pretrial conference on **Thursday, April 27, 2023 at 11:00 a.m.**

Plaintiff has previously indicated a desire to move for class certification. If that remains Plaintiff's desire, he must submit a letter, not to exceed five pages, by **Friday, March 17, 2023**, explaining how he will satisfy the requirements of Federal Rule of Civil Procedure 23.

The Clerk of Court is respectfully requested to close the open motion at Docket Entry 130.

**SO ORDERED.**

Date:  **March 7, 2023**
       **New York, New York**

                                                                                      _____
                                                                                      **VALERIE CAPRONI**
                                                                                      **United States District Judge**