USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
CHANG YAN CHEN, *on his own behalf and on behalf of others similarly situated* :
:
Plaintiff, : 19-CV-7654 (VEC)
:
-against- : ORDER
:
LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 :
Asian Cuisine & Sushi Bar; 792 RESTAURANT :
FOOD CORP. d/b/a Lilli and Loo; SIEW MOY :
LOW a/k/a Maggie Low; EPHAN "DOE"; and :
"MIGI" DOE :
Defendants. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 7, 2021, Pei Qin Li ("Mr. Li") filed a notice of consent (the "Actual Notice of Consent") to be a party plaintiff in this case and to seek redress for violations of the Fair Labor Standards Act (the "FLSA"), *see* Actual Notice of Consent, Dkt. 72;

WHEREAS on October 7, 2022, Plaintiff's counsel John Troy ("Mr. Troy") asserted as part of his opposition to Defendants' motion for summary judgment that Mr. Li "consented to pursue both state and federal claims in this matter" and cited to "consent to become party plaintiff," Pl. Mem., Dkt. 136, at 9;

WHEREAS Mr. Troy attached Mr. Li's "consent to become party plaintiff" (the "Purported Notice of Consent") to his declaration that was filed in support of Plaintiff's opposition to Defendants' motion for summary judgment, *see* Troy Decl., Dkt. 135, ¶ 4; Purported Notice of Consent, Dkt. 135-6;

WHEREAS the Purported Notice of Consent differs significantly from the Actual Notice of Consent, in relevant part because it sets forth Mr. Li's consent to assert claims under both the FLSA and state law, *compare* Actual Notice of Consent *with* Purported Notice of Consent;

WHEREAS on March 7, 2023, the Court ordered Mr. Troy to show cause why he should not be sanctioned for filing a false opt-in notice as part of Plaintiff's opposition to Defendants' motion for summary judgment, *see* Opinion & Order, Dkt. 139, at 8 n.9, 17; and

WHEREAS on March 17, 2023, Mr. Troy submitted a declaration asserting that Mr. Li had signed the Purported Notice of Consent during an intake appointment as part of his firm's "standard" retainer agreement, *see* Troy Decl., Dkt. 142, ¶¶ 8–9;

IT IS HEREBY ORDERED that the Court will not sanction Mr. Troy at this time because it is not clear that Mr. Troy intended to mislead the Court when he failed to describe accurately the exhibits attached to his declaration.

The Court's decision not to impose sanctions is a close one. Although counsel is not required to present an impartial exposition of the case, he is prohibited from presenting evidence to the Court that he knows to be false or to intentionally mislead the Court. *See* Am. B. Ass'n Rule 3.3 (discussing counsel's duty of candor).

Mr. Troy may well have intended to mislead the Court because he failed to clearly distinguish the Purported Notice of Consent from the Actual Notice of Consent. Mr. Troy strongly suggested that the two were one and the same by invoking the Purported Notice of Consent (without distinguishing it from the Actual Notice of Consent) immediately after discussing the legal import of consent "filings." *See* Pl. Mem. at 9.

Because, however, it is as likely that the language was simply sloppy draftsmanship as it is that Mr. Troy was intending to mislead, the Court will not sanction Mr. Troy.

That said, there comes a point when sloppiness is not an adequate excuse for filings that are, in fact, misleading. Mr. Troy is on notice that the Court is unlikely to be so forgiving in the future.

**SO ORDERED.**

Date: **March 27, 2023**
      **New York, NY**

                                        **VALERIE CAPRONI**
                                    **United States District Judge**