USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHANG YAN CHEN, *on his own behalf and on behalf of others similarly situated*,

                                          Plaintiff,

          -against-

LILIS 200 WEST 57TH CORP. d/b/a Lili's 57 Asian Cuisine & Sushi Bar; 792 RESTAURANT FOOD CORP. d/b/a Lilli and Loo; SIEW MOY LOW a/k/a Maggie Low; STEW M. LOW; EPHAN "DOE"; and "MIGI" DOE,

                                          Defendants.
-----------------------------------------------------------------------X

19-CV-7654 (VEC)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 10, 2023, the Court entered judgment, pursuant to Federal Rule of Civil Procedure 68, against Defendants Lili's 200 West 57th Corp. d/b/a Lili's 57 Asian Cuisine, 792 Restaurant Food Corp. d/b/a Lilli and Loo, and Siew Moy Low, Judgment, Dkt. 146;

       WHEREAS as part of the judgment, the parties agreed that Plaintiff Chang Yen Chen was a prevailing party entitled to reasonable fees and costs under the Fair Labor Standards Act and New York Labor Law, *id.* at 2;

       WHEREAS on May 1, 2023, Plaintiff moved for attorneys' fees and costs, Mot., Dkts. 147–49;

       WHEREAS on June 2, 2023, the Court referred this matter to Magistrate Judge Moses for the preparation of a report and recommendation ("R&R") on the motion for fees, *see* Order, Dkt. 152;

1

WHEREAS on November 30, 2023, Judge Moses entered an R&R recommending that Plaintiff's motion be granted and that Plaintiff be awarded $49,791.76 in attorneys' fees and $400 in costs, *see* R&R, Dkt. 154;

WHEREAS the R&R recommended awarding only $400 in costs — the cost of the filing fee reflected on the docket — because Plaintiff did not submit any invoices, receipts, or other evidence in support of the total amount of costs he sought, *id.* at 23;

WHEREAS Judge Moses notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days from the filing of the R&R to object, and that any such objection must be delivered to Judge Caproni, *id.* at 24:

WHEREAS on December 14, 2023, Plaintiff filed a letter titled "Plaintiff's Objection to Report and Recommendation" (the "Objection"), which was addressed to Judge Moses,[1] Objection, Dkt. 155;

WHEREAS in the Objection, Plaintiff objected only to the calculation of costs; he apologized for failing to include invoices evidencing his costs in the original motion and attached as Exhibit 1 the invoices showing costs in the amount of $3,314.40, *see id.*;

WHEREAS the Objection does not provide any reason or excuse as to why Plaintiff did not attach those invoices in the initial motion, *see id.*;

WHEREAS Defendants neither objected nor responded to Plaintiff's objection;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

---

[1] Though the Objection was incorrectly addressed to Judge Moses, the Court has reviewed the Objection and addresses it in this Opinion.

WHEREAS a court may accept the findings of an R&R as to which no party objects, provided that "there is no clear error on the face of the record," *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also* Fed R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.");

WHEREAS an error is clear when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and

WHEREAS careful review of the R&R reveals that there is no clear error with respect to the amount of fees, a recommendation to which neither party objected;[2]

IT IS HEREBY ORDERED that Plaintiff's Objection is OVERRULED.  Although the post-R&R Objection contains invoices showing that Plaintiff incurred $3,314.40 in otherwise compensable costs, he has shown neither that Judge Moses erred in awarding a lower amount based on the evidence before her nor that there exists a reasonable excuse for failing to submit the invoices in the first instance.  An untimely submission of invoices does not warrant an increase in the award of costs.  *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 17-CV-6914 (JMA) (SIL), 2020 WL 4571822, at *1 (E.D.N.Y. Aug. 7, 2020) (declining to consider supplemental

---

[2]  The Court notes that had the Defendants objected, the Court may well have reduced the requested fees further in light of the unprofessional way in which Plaintiff's attorneys chose to litigate this case.  Troy Law wasted the Court's time and the defense counsel's time in ways that go well beyond what is acceptable conduct in this Court.

invoice and adopting R&R in full where "Plaintiff ha[d] offered no justification for not having offered this further evidence earlier"); *BeautyBank, Inc. v. Harvey Prince LLP*, No. 10-CV-955 (DAB) (GWG), 2011 WL 1483969, at *1 (S.D.N.Y. Apr. 18, 2011) ("Having failed to make a submission before [the magistrate judge], [the defendant] has failed to carry its burden of proving costs, and will not now be heard to complain.").

IT IS FURTHER ORDERED that the R&R is adopted in full; Plaintiff's motion is GRANTED IN PART, and Plaintiff is awarded $49,791.76 in attorneys' fees and $400 in costs.

IT IS FURTHER ORDERED that Plaintiff's remaining claims against the "Doe" defendants and Stew M. Low be DISMISSED.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 147 and to close the case.

**SO ORDERED.**

Date: **February 23, 2024**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**